RESTANI, Judge,
concurring in part, dissenting in part:
I concur in the majority’s decision to vacate the district court’s order and to *1258 remand for a determination of Klinedinst’s regular rate of pay. I disagree, however, with the majority’s conclusion that Swift’s flat rate pay system results in “commissions” within the meaning of 29 U.S.C. § 207(i) (1994), so that the questions to be determined on remand are whether Klinedinst had any employment in excess of 40 hours per week and whether such work was compensated at one and one-half times the minimum wage.
The majority acknowledges that the FLSA is a remedial statute which is to be construed against the employer, so that the employer must prove its entitlement to an FLSA exception by “clear and affirmative evidence.” Birdwell v. City of Gadsden, 970 F.2d 802, 805 (11th Cir.1992) (quoting Donovan v. United Video, Inc., 725 F.2d 577, 581 (10th Cir.1984)). The majority, however, applies an expansive definition of “commissions” in order to bring the method of pay at issue here within the exception set forth in § 207(i). It seems to accord any payment that is based on a percentage of the payment to the employer status as a “commission” payment. By any ordinary understanding of the meaning of commissions, the payments to Klinedinst are not commissions. Klinedinst does not generate sales or jobs for his employer. Rather, he is an ordinary wage-earning employee performing service work in an automobile garage.
Not every method of payment which might encourage efficiency is a commission method. For example, piecework pay is not a commission. See 29 C.F.R. § 778.111(a) (2000) (overtime compensated at one and one-half piece rates).[1] Further, work in excess of forty hours per week is entitled to extra half-time pay if the worker is compensated by the day or by the job. 29 C.F.R. § 778.112.
Although sales commissions are the most common form of commissions, there is no doubt that some other forms of payment representing a percentage of the value of goods or services are easily recognized as commissions. Indeed, in finding that banquet waiters earned “commissions” under § 207(i), the Seventh Circuit notes that some persons paid on a percentage basis, such as receivers, trustees, and bailees, are not engaged in generating sales and their compensation is commonly called “commissions.” Mechmet v. Four Seasons Hotels, Ltd., 825 F.2d 1173, 1175 (7th Cir.1987). Nonetheless, because the meaning of “commissions” in § 207(i) is unclear and because it recognized that a simple dictionary definition could result in unintended loopholes, the Seventh Circuit carefully examined the purposes of the FLSA and the particular context of the banquet waiters’ employment before recognizing an expansion of the usual categories of commission earners. Id. at 1175-77.
An examination of the purposes of the FLSA indicates that Klinedinst’s employment does not fit the exception. One purpose of the FLSA’s time and a half provisions was to prevent workers from working abnormally long hours and thereby taking jobs away from workers who preferred more normal hours. Another purpose was to spread work to reduce unemployment. A third purpose was to protect workers from impairing their health or incurring more accidents from tiredness. See H.R.Rep. No. 75-1452, at 8-9 (1937); S.Rep. No. 75-884, at 3-5 (1937); Mechmet, 825 F.2d at 1175-76. Unlike the banquet workers in Mechmet, who worked irregular and nonhazardous jobs, where accidents due to tiredness *1259 may not be a large concern, automobile repair, including painting, can be hazardous, and there is nothing to suggest that this work does not result in regular employment. Further, banquets were found to be large ticket items, and the business was described as “feast or famine.” Mechmet, 825 F.2d at 1177. Reliable, long range estimation of the need for workers and the length of their hours was not possible. See id. This does not describe the case at hand. Swift has not shown that Klinedinst’s type of employment is not exactly the type of employment that Congress intended be covered by the FLSA.
Further, the majority, while recognizing that the Labor Department’s Field Operations Handbook is not entitled to Chevron deference, nonetheless relies on it. The Labor Department appears somewhat at sea on the issue of commissions.[2] In an opinion letter regarding dancers who were compensated principally from a mandatory $5.00 charge per dance collected by the dancers for the club, the Labor Department stated that the charge was a flat fee not based on the value of the service and was therefore not a commission.[3] Op. Ltr. FLSA-1332 (Dep’t of Labor Nov. 19, 1996). The Department also stated:
[29 U.S.C. § 207(i)] is designed to exempt those employees who can increase their productivity, and hence, their earning, by applying their ingenuity, skill and experience to tasks which will vary in difficulty from job to job. These types of employees perform a service that has an identifiable monetary value to the customer, but the amount of time and effort required to complete the service and the complexity of the task performed may often vary from job to job.

Id.

Putting aside the fact that the dancers could actually generate profits for the employer by selling more dances, and consequently look more like commission earners than banquet waiters, there was no rebanee in either the Field Operations Handbook or in this case on increase in productivity based on ingenuity, skill and experience. Labor’s opinion letter seems to represent a narrow view of what constitutes a § 207(i) commission, perhaps based on its unwillingness to accord any value to the particular service at issue. On the other hand, the portions of Field Operations Handbook appbcable to garage workers relied on by the majority. presents an expansive view. Neither expression of Labor’s position reflects persuasive reasoning.[4]
The FLSA accepts that the willingness of workers to contract for a particular method of payment is not controlling. Whatever one’s view of the current efficacy of this 1937 remedial legislation, it is not our place or the Labor Department’s to circumvent it by adopting a definition of commission not clearly intended by Congress. Because there is considerable doubt as to whether Congress intended a payment plan such as Swift’s to qualify as a commission plan under § 207(i), I would *1260 hold that Swift has failed in its burden to demonstrate that it satisfies the exception to FLSA’s time-and-a-half provisions.

. A flat fee for cleaning used cars was found to be piece work. See Op. Ltr. FLSA-1042 (Dep't of Labor October 14, 1982).

. While 29 C.F.R. § 779.413(b), also relied upon by the majority, is entitled to deference, it does not define "commissions”; it merely recognizes that commissions may be based on either sales or services, as we acknowledge.

. The letter is also entitled to deference only to the extent it has power to persuade. See Christensen v. Harris County, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000).

. See Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) ("The weight of [an agency’s] judgment will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all the factors which give it power to persuade, if lacking power to control.”).