**Cornelius J. CRAVEN, Ronald L. Schmidt, William Lange, et al., Plaintiffs,**

v.

**CITY OF MINOT, NORTH DAKOTA, Defendant.**

Civ. No. A4–88–046.

United States District Court, D. North Dakota, Northwestern Division.

March 13, 1989.

Order on Denial of Reconsideration April 4, 1989.

Thomas A. Woodley & Gregory K. McGillivary, Mulholland & Hickey, Washington, D.C., John Skowronek, Minot, N.D., for plaintiffs.

Nevin Van de Streek, Minot, N.D., for defendant.

## MEMORANDUM AND ORDER

CONMY, District Judge.

This is an action arising out of an alleged violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, by the Defendant City of Minot (City). The Plaintiffs are employed by or have been employed by the City of Minot as fire fighters. The sole issue in this action is the effect of the FLSA on the employment relationship between the parties. The Plaintiffs have filed a motion for partial summary judgment on the issue of liability. The underlying facts are undisputed. Therefore, because there are no genuine issues of material fact, a motion for summary judgment is appropriate at this time. The facts are as follows.

In 1938 Congress enacted the Fair Labor Standards Act. The FLSA was broadened to extend coverage to some governmental employees for the first time in 1966. The constitutionality of extending coverage to this class of employees was upheld by the Supreme Court in *Maryland v. Wirtz*, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968). In 1974, Congress again expanded the scope of the act to include virtually all state and local governmental employees. However, the Supreme Court in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), held that the 1974 amendments were unconstitutional insofar as they operated upon the discharge of traditional functions by the state and local governments.

On February 19, 1985, however, the Supreme Court reversed the *Usery* decision in *Garcia v. San Antonio Metropolitan Mass Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), thereby reinstating application of the 1974 amendments to state and local government employees, including fire fighters. Following the *Garcia* decision, Congress enacted the 1985 Amendments to the FLSA, adjusting overtime provisions and deferring the effective date of certain provisions of the FLSA insofar as they applied to state and local governmental employees. The effective date was deferred until April 15, 1986, so that state and local governments could make the necessary adjustments in their work practices, staffing patterns and fiscal priorities in order to alleviate some of the economic burden placed upon them by the holding in *Garcia*.

In the case at bar, shortly after the *Garcia* decision was handed down, Defendant and Plaintiffs met several times to discuss the impact the decision would have upon them. In May of 1985, the City unilaterally imposed a revised pay plan which reduced the Plaintiffs regular rate of pay so that the regular pay received, plus regularly scheduled overtime pay received, as required by FLSA, would equal the individuals former annual wage. This revised pay plan was to commence on May 6, 1985, and last until December 31, 1985. In December of 1985, however, the plan was adopted by the Defendant for fiscal year 1986 and the same payment plan remains in effect today.

As stated above, the Plaintiffs allege that the Defendant has violated the provisions of FLSA. The two sections allegedly violated by Defendant are Section 7(k) (29 U.S.C. § 207(k)) and Section 8 of the 1985 Amendments.

Under Section 7(k) of the 1985 Amendments it states:

> (k) No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee of law enforcement activities (including security personnel in correctional institutions) if—

(1) in a work period of 28 consecutive days the employee receives for tours of duty in the aggregate exceed the lesser of (A) 216 hours, or (B) the average numbers of hours (as determined by the Secretary pursuant to section 6(3)(c) of the Fair Labor Standards Amendments of 1974) [29 U.S.C. § 213 note] in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

(2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause B of Paragraph (1)) bears to 28 days.

*Id.* In the case at bar, the Plaintiffs, since May, 1985, have been regularly scheduled to work 216 hours within a 27 day work period. Therefore, Section 7(k)(2) applies to them. Under 29 C.F.R. § 553.230 the maximum number of hours an employee working in fire protection activities, under a 27 day work period, can work before overtime compensation is required is 204 hours. Therefore, the Plaintiffs are entitled to overtime compensation for the hours worked over the maximum of 204 hours per 27 day work period as cited in 29 C.F.R. § 553.230.

As stated above, Plaintiffs also allege a violation of Section 8 of the 1985 Amendments. This section states:

A public agency which is a State, political subdivision of a State, or an interstate governmental agency and which discriminates or had discriminated against an employee with respect to the employee's wages or other terms or conditions of employment because on or after February 19, 1985, the employee asserted coverage under section 7 of the Fair Labor Standards Act of 1938 shall be held to have violated section 15(a)(3) of such Act. The protection against such discrimination afforded by the preceding sentence shall be available after August 1, 1986, only for an employee who takes an action described in section 15(a)(3) of such act.

*Id.*

■ After a thorough review of the record, it is clear to this court that the Defendant has violated Section 8 of the 1985 Amendments to the FLSA. The revised pay plan, which reduced the Plaintiffs regular rate of pay, was unilaterally imposed by the Defendant on May 6, 1985, after the Plaintiffs asserted coverage under Section 7 of the FLSA. As stated by the court in *Charles Wilson, et al. v. City of Independence, Kansas,* No. 874101–0 1988 WL 169938 (D.Kan. October 4, 1988): "Congress clearly anticipated that municipalities would attempt to circumvent the effect of the *Garcia* decision, and so it provided, in effect, that wage reductions occurring before August 1, 1986, would be prima facie unlawful." *Id.* at 3.

■ Furthermore, the court finds that the violation of Section 8 was willful. A violation is willful under 29 U.S.C. § 255 when the employer was, or should have been cognizant of the possibility that employees involved were covered by the FLSA and reliance on erroneous advice is no bar to finding of a willful violation, excepting reliance upon the advice rendered by appropriate government agency. *Marshall v. Union Pacific Motor Freight Co.,* 650 F.2d 1085 (9th Cir.1981).

Therefore, Defendant's assertion that it deliberated on the question of coverage and compliance with the FLSA thoroughly, and that it relied on the advice of the Defendant's attorney in continuing the revised pay plan, does not bar the finding of a willful violation. Accordingly, the three year statute of limitations of 29 U.S.C. § 255 applies and the Plaintiffs' claim is not barred.

BASED ON THE FOREGOING, THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT IS HEREBY GRANTED.

## MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

The Defendant has filed what amounts to a motion for reconsideration of this court's

order entered on March 13, 1989. In that order the court granted the Plaintiffs' motion for partial summary judgment on the issue of liability concerning alleged violations of the Fair Labor Standards Act on the part of the Defendant.

In its brief in support of the motion for reconsideration, Defendant contends that the court committed error in relying upon *Marshall v. Union Pac. Motor Freight Co.*, 650 F.2d 1085 (9th Cir.1981), in deciding the issue of the statute of limitations applicable to the Plaintiffs' claim.

In the court's previous order the court cited *Marshall* for the proposition that an employer's violation of the FLSA is willful when the employer was, or should have been cognizant of the possibility that employees involved were covered by the FLSA. Furthermore, the case was cited for the proposition that reliance on erroneous advice of counsel was not a bar to a finding of a willful violation. Defendant alleges that the United States Supreme Court overruled, the *Marshall* decision in *McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), and therefore this court's reliance on *Marshall* was error, entitling the Defendant reconsideration of the court's March 13, 1989, order.

However, if one takes a close look at the *McLaughlin* and the *Marshall* decisions it is clear that *Marshall* was not overruled. In *McLaughlin*, the Supreme Court rejected the standard of "willfulness" as set forth in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139 (5th Cir.1972). Under *Jiffy June*, an action was defined as willful if there was substantial evidence that the employer knew or suspected that his actions might violate the FLSA; i.e., if he merely knew that the FLSA was in the picture. *McLaughlin, supra*, 108 S.Ct., at 1678.

The Supreme Court found that this standard was not supported by the plain language of the statute and the strongest argument supporting the standard was that it was used for a number of years. *Id.* at 1681–1682. Instead, the Court affirmed the standard adopted by it in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Under the *Thurston* standard, in order to find a willful violation, it must be established that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. *Id.* 108 S.Ct. at 1681.

Although the court in *Marshall*, cited the *Jiffy June* standard of willfulness in its opinion, that standard was not adopted by the court. As stated above, the standard cited in *Marshall* states that an employer's violation of the FLSA is willful when the employer was, or should have been cognizant of the possibility that employees involved were covered by the FLSA. Clearly, this standard and the *McLaughlin* standard are quite similar. In fact the court fails to see any appreciable difference between them. Furthermore, the subtle distinctions which could be drawn between them would not change the outcome of the court's prior decision.

There is no question that the Defendant knew that the Plaintiffs were covered under the provisions of the FLSA. The revised pay plan implemented in May of 1985, reduced the Plaintiffs' regular rate of pay so that their revised regular rate of pay, plus their overtime pay, would equal the same salary being received by them prior to assertion of coverage under the FLSA.

Furthermore, in November of 1985, when Congress enacted Section 7 and 8 of the amendments to the FLSA, Defendant knew that the pay plan implemented in May of 1985, violated Section 15(a)(3) of the Act. In spite of this, they readopted the revised pay plan in December of 1986, and continue to use the same plan.

Therefore, the Defendant's conduct is a willful violation of the Fair Labor Standards Act. Accordingly, the three year statute of limitation applies.

BASED ON THE FOREGOING, THE DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED.