USCA1 Opinion

 

 December 29, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1750 LYNN MARTIN, SECRETARY OF LABOR, Plaintiff, Appellant, v. COVENTRY FIRE DISTRICT, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Higginbotham,* Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Paul L. Frieden, Attorney, with whom Marshall J. Breger, _________________ _____________________ Solicitor of Labor, Monica Gallagher, Associate Solicitor, and William ________________ _______ J. Stone, Counsel for Appellate Litigation, were on brief for _________ appellant. Gregory P. Piccirilli with whom Vincent J. Piccirilli and _______________________ _______________________ Piccirilli & Sciacca were on brief for appellee. ____________________ ____________________ ____________________ _____________________ * Of the Third Circuit, sitting by designation. BREYER, Chief Judge. The Coventry Fire District ___________ failed to pay some of its employees overtime pay as mandated by the Fair Labor Standards Act, 29 U.S.C. 207. The Secretary of Labor sued the Fire District. The district court awarded damages but denied the Secretary's request for an injunction prohibiting future violations. The Secretary appeals. She points out that the Act calculates ordinary ________ employee overtime as time and one half for hours worked in a week in excess of 40. It calculates "public fire fighter" overtime specially, however, (reflecting their special _________ working conditions) as time and one half for hours worked in excess of 212 hours in a consecutive 28-day period. 28 U.S.C. 207(k). She says the district court, when calculating damages, wrongly used the special "fire fighter" _______ rule. In her view, it should have used the ordinary ________ employee rule instead. She adds that the court should have issued an injunction. We find her appeal without merit and affirm the district court. 1. Damages. The district _______ court calculated the amount of "unpaid overtime compensation," 29 U.S.C. 216(b), by subtracting what the statute defines as a fire fighter's normal working hours (212 hours per 28 days, which we simplify as 53 hours per week), see 29 U.S.C. 207(k); 29 C.F.R. 553.201(a), ___ -3- 3 553.230, from the total time each employee actually worked. The result (when multiplied by the overtime pay rate) was a total deficiency of about $10,000. The court doubled this amount in light of the statutory double damage requirement for all but "reasonable," "good faith" mistakes. See 29 ___ U.S.C. 216(b), 260. The Secretary argues that the court erred in subtracting (from total hours each employee worked) what the statute defines as a fire fighter's normal working hours (53 ___________________________________ hours per week). See 29 U.S.C. 207(k); 29 C.F.R. ___ 553.201(a), 553.230. Rather, she says, the court should have subtracted what the statute defines as an ordinary ________ employee's normal working hours (40 hours per week). See 29 _______________________________ ___ U.S.C. 207(a). The result would have been far more "overtime" hours, a total deficiency of $63,000, and a total "doubled" deficiency of about $126,000, not $20,000. The Secretary concedes that Coventry is a fire department and that the law applicable to fire departments initially required it to pay $10,000 (based on 53 hour weeks), not $63,000 (based on 40 hour weeks), in overtime payments. But, she argues, the special provision for fire departments is written literally as an exemption from the _________ general overtime rule. And, the Secretary adds, we must -4- 4 read this statutory exemption literally. Thus, although a fire department should generally pay overtime by following the special fire department "53 hour" rule, if it fails to pay overtime and violates the special fire department rule, this special fire department rule no longer applies; the general "40 hour" rule instead applies; and we must calculate damages on the basis of the general "40 hour" rule, not the special fire department "53 hour" rule. It is easier to understand the Secretary's argument if one examines the language of the statute itself. The general rule, contained in section 207(a), provides: Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation [for the extra hours] . . . at a rate not less than one and one-half times the regular rate . . . . 29 U.S.C. 207(a). The special "fire department" rule, contained in section 207(k), provides: No public agency shall be deemed to __________________ have violated subsection (a) of this _______________________________ section with respect to the employment of any employee in fire protection activities . . . if . . . in a work __ period of 28 consecutive days the ___ employee receives for tours of duty __________________ which in the aggregate exceed . . [212] hours [i.e., an average of 53 hours per week] . . . compensation at the rate not -5- 5 less than one and one-half times the ________________________ regular rate . . . . 29 U.S.C. 207(k) (emphasis added); see also 29 C.F.R. ________ 553.201(a), 553.230. The Secretary argues that, since the Fire District's employees did not receive the time and a ___ half that subsection (k) requires, subsection (k) is inapplicable; hence subsection (a) applies; and subsection (a) requires time and a half after 40 hours, not after (roughly speaking) 53 hours. Like the district court, we find this argument unconvincing. For one thing, it produces an odd result. The statute's damages provisions make clear that an employer who fails to pay statutorily required overtime 1) must simply pay the overtime owed (if the violation is merely technical and in good faith), or 2) must pay twice that amount (where the violation is not in good faith), or 3) must suffer more serious penalties (where the violation is wilful). See 29 U.S.C. 216, 260. The Secretary's ___ interpretation would make special industry employers such as fire departments (whose normal work week is defined as, say, 53, rather than 40, hours) pay more than the overtime owed ____ (in the case of technical "good faith" violations) and more ____ than twice the overtime owed (in the case of other violations). There is no obvious explanation for assessing -6- 6 a kind of penalty against special industry employers where there is no particular reason for any penalty (in the case, say, of a technical "good faith" violation), or for assessing an especially heavy penalty where there is no reason to make the penalty especially severe. For another thing, we have found no indication in the legislative history of the Fair Labor Standards Act that Congress intended to impose any such special damages or special penalty rules. To the contrary, that history shows only that Congress intended to distinguish fire fighters from other employees in respect to the number of hours that constitute the normal working week. The Senate Report on the bill, states, for example, Congress established . . . special provisions in recognition of the special needs of governments in the area of public safety and the unusually long hours that public safety employees must spend on duty. Section 7(k) was intended to alleviate the impact of the FLSA on the fire protection and law enforcement activities of state and local government by providing for work periods of up to 28 days (instead of the usual seven-day workweek) [and] establishing somewhat higher ceilings on the maximum number of hours which could be worked before overtime compensation had to be paid . . . . S. Rep. No. 99-159, 99th Cong., 1st Sess. 5 (1985), reprinted in 1985 U.S.C.C.A.N. 651, 653. _________ __ -7- 7 Further, despite the fact that the language at issue here has been operative since 1985, see Garcia v. San ___ ______ ___ Antonio Metro. Transit Auth., 469 U.S. 528, 555-56 (1985) _____________________________ (applying FLSA to local government employees), in none of the cases we encountered has a court ever adopted the linguistic interpretation the Secretary of Labor here seeks. See Atlanta Professional Firefighters Union, Local 134 v. ___ ____________________________________________________ Atlanta, 920 F.2d 800, 802-03, 806 (11th Cir. 1991); _______ Kohlheim v. Glynn County, 915 F.2d 1473, 1476-77, 1481 (11th ________ ____________ Cir. 1990); Craven v. City of Minot, 730 F. Supp. 1511, 1513 ______ _____________ (D.N.D. 1989); International Ass'n. of Firefighters, Local ____________________________________________ 349 v. City of Rome, 682 F. Supp. 522, 526, 531 (N.D. Ga. ___ ____________ 1988); Jacksonville Professional Fire Fighters Ass'n, Local ____________________________________________________ 2961 v. City of Jacksonville, 685 F. Supp. 513, 527 ____ ______________________ (E.D.N.C. 1987). Finally, the language of the statute, taken literally, does not require the result for which the government argues. The damages provision of the statute says: Any employer who violates the provisions of . . . section 207 [i.e., the "overtime" section, parts of which we have quoted above] . . . shall be liable to the . . . employees affected in the amount of their . . . unpaid ____________________________________ overtime compensation [doubled to _______________________ include "liquidated damages"] . . . . -8- 8 29 U.S.C. 216(b) (emphasis added). One can easily read the underlined words ("the amount of their . . . unpaid overtime compensation") to refer, in the case of fire department employees, to the amount of overtime compensation as effectively defined by section 207(k), the special fire department overtime subsection, not the general section 207(a). Nor does subsection (k)'s own language stand in the way of this result, for one can read the condition "if . . . __ the employee receives . . . compensation" to mean that ______________________ ____________ "insofar as" the Fire District pays the "unpaid overtime compensation" awarded by the district court, its employees will have "received" their time and a half, and it will no longer be deemed to have violated subsection (a). Interestingly enough, the Secretary of Labor's reading of the language of subsection (k) is, in a sense, not totally literal. A totally literal reading of subsection (k) would require that the employee actually "receive" his overtime pay during the period he works the _______ ________________________________ overtime (for it says that the employer does not violate ________ subsection (a) if the employee "in a work period of 28 consecutive days receives" the overtime payment as defined). The Secretary quite properly understands, however, that statutory language, like all language, derives its meaning -9- 9 from context. A sign that says "no animals in the park" does not mean "no picnic oysters," nor does it mean "no children," nor is it "ambiguous" in this respect. Similarly, the words "in a work period of 28 consecutive days the employee receives" do not mean that the employee must receive his paycheck the same month. And, in our view, the words "unpaid overtime compensation" refer, in the case of fire department employees, not to payment for every hour over 40, but to the compensation as calculated in accordance with the special subsection (k) fire department overtime definition. To hold otherwise would not represent a literal reading of language, but, rather, by ignoring context and purpose, would distort the statute's plain meaning. Using "traditional tools of statutory construction," Dole v. United Steelworkers of America, 494 ____ _______________________________ U.S. 26, 35 (1990); INS v. Cardozo-Fonseca, 480 U.S. 421, ___ _______________ 446-48 (1987); Chevron U.S.A., Inc. v. Natural Resources _____________________ __________________ Defense Council, Inc., 467 U.S. 837, 843 n.9 (1984), we find _____________________ the statute clear. And, we find the calculation of the district court correct. 2. The Injunction. The Secretary asked the court ______________ for additional relief, namely, to enjoin the Fire District permanently from violating the overtime provisions in the -10- 10 future. The district court found that the Fire District's violations arose out of its failure to understand the Act's requirements. The court found that this failure was careless, but inadvertent. The Fire District, in the court's view, had not intended to violate the Act and had complied with the Act from the time that it learned about the Act's requirements. The court concluded that there was "no evidence of any threatened future violation." The record supports all these findings. We therefore find no abuse of the district court's legal authority to determine whether or not a permanent injunction is needed. See Brock ___ _____ v. Big Bear Market No. 3, 825 F.2d 1381, 1383 (9th Cir. _______________________ 1987) (holding that a district court's discretion is not "unbridled" and that it must weigh finding of violation against factors indicating reasonable likelihood that violations will not recur, such as intent to comply, extraordinary efforts to prevent recurrence, absence of repetitive violations, and absence of bad faith). The judgment of the district court is Affirmed. _________ -11- 11