MEMORANDUM AND ORDER ON PLAINTIFFS’ MOTION FOR SUMMARY JUDGMENT (#76) AND DEFENDANTS’ CROSS MOTION FOR SUMMARY JUDGMENT ON DAMAGES ISSUES (# 78)
 

 COLLINGS, United States Magistrate Judge.
 

 I. Introduction
 

 On March 31, 2003, the sole outstanding liability issue in this case was decided.
 
 See O’Hara v. Menino,
 
 253 F.Supp.2d 147 (D.Mass., 2003).
 
 [2]
 
 At this juncture, only three questions with respect to damages remain extant, to wit, determination of the proper work period for calculating unpaid overtime compensation, resolution of whether liquidated damages should be awarded, and a decision regarding the applicable statute of limitations.
 

 Contending that no genuine issue of material fact exists relative to the damages questions, the parties have filed cross-motions for summary judgment. Specifically, the plaintiffs have filed a motion for summary judgment (# 76) and a memorandum of law incorporating a statement of undisputed facts and multiple exhibits (# 77). In response the defendants filed a cross-motion for summary judgment (# 78), a memorandum in opposition to the plaintiffs’ dispositive motion and in support of their cross-motion for summary judgment (# 79) along with a Local Rule 56.1 statement (# 80) and two affidavits (# 81, 82). The plaintiffs have submitted a reply (# 83) and an affidavit (# 85). The record on the cross-motions is now closed and they stand ready for decision.
 

 II. The Summary Judgment Standard
 

 Summary judgment purports
 
 “to
 
 pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.”
 
 Podiatrist Ass’n, Inc. v. La Cruz Azul De Puerto Rico, Inc.,
 
 332 F.3d 6, 12 (1 Cir., 2003) (citing
 
 Garside v. Osco Drug, Inc.,
 
 895 F.2d 46, 50 (1 Cir., 1990) (quoting Fed.R.Civ.P. 56 Advisory Committee’s
 
 note)).
 
 The party moving for summary judgment bears the initial burden of asserting the absence of a genuine issue of material fact and “supporting] that assertion by affidavits, admissions, or other materials of evidentiary quality.”
 
 Mulvihill v. Top-Flite Golf, Co.,
 
 335 F.3d 15, 19 (1 Cir., 2003). After the moving party has met its burden, “the burden shifts to the summary judgment target [the non-moving party] to demonstrate that a trial-worthy issue exists.”
 
 Id.
 
 (citing
 
 Suarez v. Pueblo Int’l, Inc.,
 
 229 F.3d 49, 53 (1 Cir., 2000)).
 

 When considering whether to grant summary judgment, the Court must determine whether:
 

 ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is a genuine issue as to
 
 *CXLIII
 
 any material fact and that the moving party is entitled to judgment as a matter of law.
 

 Fed.R.Civ.P. 56(c).
 

 In making this assessment, the Court must “scrutinize the record in the light most flattering to the party opposing the motion, indulging all reasonable inferences in that party’s favor.” Mulvihill, 335 F.3d at 19 (citing
 
 Morris v. Gov’t Dev. Bank,
 
 27 F.3d 746, 748 (1 Cir., 1994)); see also Podiatrist Ass’n, Inc., 332 F.3d at 13;
 
 Pure Distributors, Inc. v. Baker,
 
 285 F.3d 150, 152 (1 Cir., 2002);
 
 New England Regional Council of Carpenters v. Kinton,
 
 284 F.3d 9, 19 (1 Cir., 2002) (citing
 
 Dynamic Image Techns., Inc. v. United States,
 
 221 F.3d 34, 39 (1 Cir., 2000));
 
 Kearney v. Town of Wareham,
 
 316 F.3d 18, 22 (1 Cir., 2002).
 

 Despite this “notoriously liberal” standard,
 
 Mulvihill,
 
 335 F.3d at 19, summary judgment cannot be construed as “a hollow threat.”
 
 Kearney,
 
 316 F.3d at 22. A factual dispute which is neither “genuine” nor “material” will not survive a motion for summary judgment.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Furthermore, a genuine issue of material fact cannot merely rest upon “spongy rhetoric” but rather requires substantive proof.
 
 Mulvihill,
 
 335 F.3d at 19 (citing
 
 Mesnick v. Gen. Elec. Co.,
 
 950 F.2d 816, 822 (1 Cir., 1991) (explaining that “[gjenuine issues of material fact are not the stuff of an opposing party’s dreams”)). Thus, in deciding whether a factual dispute is “genuine,” the Court must determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party.
 
 Anderson,
 
 477 U.S. at 248, 106 S.Ct. 2505;
 
 Kearney,
 
 316 F.3d at 22 (citing
 
 United States v. One Parcel of Real Pro. (Great Harbor Neck, New Shoreham, R.I.),
 
 960 F.2d 200, 204 (1 Cir., 1992));
 
 Suarez,
 
 229 F.3d at 53 (citing
 
 McCarthy v. Northwest Airlines, Inc.,
 
 56 F.3d 313, 315 (1 Cir., 1995)). In circumstances where submitting the issue in dispute to the jury amounts to “nothing more than an invitation to speculate,” summary judgment is appropriate.
 
 Feliciano de la Cruz v. El Conquistador Resort and Country Club,
 
 218 F.3d 1, 9 (quoting
 
 Lattimore v. Polaroid Corp.,
 
 99 F.3d 456, 467-68 (1 Cir., 1996)). In weighing whether a factual dispute is “material,” the Court must examine the substantive law of the case, because “only disputes over the facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.”
 
 Anderson,
 
 477 U.S. at 248, 106 S.Ct. 2505;
 
 Kearney,
 
 316 F.3d at 22.
 

 The focus at the summary judgment phase “should be on the ultimate issue: whether, viewing the aggregate package of proof offered by plaintiff and taking all inferences in the plaintiffs favor, the plaintiff has raised a genuine issue of fact.”
 
 Rivas Rosado v. Radio Shack, Inc.,
 
 312 F.3d 532 (1 Cir., 2002) (citing
 
 Dominguez-Cruz v. Suttle Caribe, Inc.,
 
 202 F.3d 424, 430-31 (1 Cir., 2000));
 
 see also Leahy v. Raytheon, Co.,
 
 315 F.3d 11 (1 Cir., 2002);
 
 Suarez,
 
 229 F.3d at 53. The party objecting to summary judgment may not merely rest upon the statements put forth in its own pleadings.
 
 See Gillen v. Fallon Ambulance Service, Inc.,
 
 283 F.3d 11, 26 (1 Cir., 2002) (citing
 
 Colantuoni v. Alfred Calcagni & Sons, Inc.,
 
 44 F.3d 1, 4-5 (1 Cir., 1994) (a party objecting to summary judgment fails to put forth a genuine issue of material fact merely by filing an affidavit contradicting unambiguous answers contained in a prior deposition)). Instead, Rule 56(c):
 

 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to
 
 *CXLIV
 
 establish the existence of an element essential to the party’s case,
 
 and on
 
 which the party will bear the burden of proof at trial.
 

 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 

 III. Discussion
 

 A. Overtime Wages
 

 The Fair Labor Standards Act (“FLSA”) “established a comprehensive remedial scheme requiring a minimum wage and limiting the maximum number of hours worked, absent payment of an overtime wage for all hours worked in excess of the specified maximum number.”
 
 Lamon v. City of Shawnee, Kan.,
 
 972 F.2d 1145, 1149 (10 Cir., 1992), cert. denied, 507 U.S. 972, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993). Section 207(a) of the FLSA is the provision which mandates the payment of an overtime wage:
 

 Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
 

 Title 29 U.S.C. § 207(a)(1) (emphasis added).
 

 The FLSA does, however, grant an exemption to public agencies engaged in fire protection or police enforcement activities, providing that:
 

 No public agency shall be deemed to have violated subsection (a) with respect to employment of any employee in ... law enforcement activities if (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed.
 

 Title 29 U.S.C § 207(k).
 

 The Code of Federal Regulations (“C.F.R.”) issued by the Department of Labor (“DOL”) and adopted pursuant to the FLSA further clarifies the maximum hours standards for work periods under § 207(k). The DOL created a table which provides the maximum hours that fire or police personnel may work during a work period before overtime compensation must be paid by the employer. See 29 C.F.R. § 553.230. The work periods range from seven to twenty-eight days. For a work period of seven days, law enforcement personnel would not be eligible for overtime until they exceeded forty-three hours. See 29 C.F.R. § 553.230. For a work period of twenty-eight days, the maximum hours before overtime compensation is due is one hundred and seventy-one. See 29 C.F.R. § 553.230. Overall, as explained by the First Circuit:
 

 The effect of the § 207(k) partial exemption is to soften the impact of the FLSA’s overtime provisions on public employers in two ways: it raises the
 
 *CXLV
 
 average number of hours the employer can require law enforcement and fire protection personnel to work without triggering the overtime requirement, and it accommodates the inherently unpredictable nature of firefighting and police work by permitting public employers to adopt work periods longer than one week.
 
 See Wethington v. City of Montgomery,
 
 935 F.2d 222, 224 (11th Cir.1991);
 
 Maldonado v. Administracion de Correccion,
 
 1993 WL 269650, at *1 (D.P.R. Jul.1, 1993). The longer the work period, the more likely it is that days of calm will offset the inevitable emergencies, resulting in decreased overtime liability.
 

 O’Brien v. Town of Agawam,
 
 350 F.3d 279, 290 (1 Cir., 2003).
 

 The issue in the present case is whether the default maximum hours, forty, prescribed in § 207(a) applies, or if the City is entitled to the § 207(k) exemption maximum hours, that being forty-three. The plaintiffs contend that because the City did not affirmatively adopt a qualifying work period under § 207(k), it is precluded from claiming the exemption. The defendant counters that the § 207(k) exemption is the default for law enforcement personnel and should be applied when calculating damages for unpaid overtime. Each side cites a different First Circuit decision in support of their respective positions.
 

 In 1992, the First Circuit held that unpaid overtime compensation should be calculated using the normal working hours of fire personnel
 
 [3]
 
 as set forth in § 207(k) rather than an ordinary employee’s working hours under § 207(a).
 
 See Martin v. Coventry Fire District,
 
 981 F.2d 1358, 1360 (1 Cir., 1992). In 2003, the First Circuit in
 
 O’Brien v. Town of Agawam
 
 held that the
 
 Town of Agawam
 
 (“Town”) was not entitled to the § 207(k) exemption because it had not adopted or established a regularly recurring work period for its police officers. See
 
 O’Brien,
 
 350 F.3d at 291-92.
 

 Although perhaps facially at odds, these two cases can be reconciled. At the district court level in
 
 Coventry,
 
 the parties stipulated that “[t]he Defendant alleges that it established a 27 day work period for its firefighters. The chart which encompasses 29 CFR Section 553.230 sets forth the maximum hours a firefighter may work in a 27 day period prior to receiving overtime compensation at 204 hours.” (Affidavit # 85, Stipulation Of Facts ¶ 5) In other words, the Fire District had, at the very least, made an effort to adopt a qualified work period under § 207(k). Moreover, as framed by the District Judge in his oral decision,
 

 And that threshold legal determination, seems to me, is whether we are dealing with the provisions of 29 USC, Section 207(A) or 207(E).
 

 Now, as I understand the Department of Labor’s position, if the Coventry Fire Department did not compensate employees who worked more than two hundred four hours during the alleged twenty-seven day pay period, then they were not entitled to the exemption provided by Subsection K and the measure of their liability should be all hours worked in excess of forty hours per week under Subsection A. On the other hand, the fire district has taken the position that even if they should have and did not compensate employees at the rate of time and a half for hours worked in excess of the two hundred four hours,
 
 *CXLVI
 
 that their liability would be to pay those employees only for hours worked in excess of two hundred four hours per twenty-seven day work period.
 

 Affidavit # 85, Transcript at B-6.
 

 Thus, the issue to be determined was not whether the fire district had adopted a qualifying work period under § 207(k), a fact which appears to have been assumed
 
 [4]
 
 , but rather whether by failing to pay overtime in accordance with § 207(k), the fire district in effect forfeited the benefit of the exemption and should have to pay overtime pursuant to the more generous (to the firefighters) § 207(a).
 

 The DOL’s position in
 
 Coventry
 
 was that it did not matter whether or not the employer had adopted a qualifying work period; the fact that the employer did not pay according to such a period automatically required compensation under § 207(a).
 
 [5]
 
 The First Circuit was no more persuaded by the argument than was the district court. See
 
 Coventry, 981
 
 F.2d at 1360. The Court held that the intent of the FLSA was not to punish an employer by making them pay more than the overtime that was owed.
 
 Coventry,
 
 981 F.2d at 1360. Indeed, the Court noted that in cases where the employer had acted in good faith, only overtime was to be paid, while in cases where the employer had acted in bad faith, liquidated damages could be assessed, thus doubling the damages incurred by the employer.
 
 Coventry,
 
 981 F.2d at 1360. There was no need or intent in the statute further to punish an employer by “assessing an especially heavy penalty where there is no reason to make the penalty especially severe.”
 
 Coventry,
 
 981 F.2d at 1360. Where the fire district already had a qualifying work period which set the expectation of overtime at a certain threshold, by attempting to force it to default to a lower threshold, the DOL was seeking a de facto increased penalty.
 

 The First Circuit observed that no other court had ever interpreted the FLSA in the manner suggested by the DOL. See
 
 Coventry,
 
 981 F.2d at 1361 citing
 
 Craven v. City of Minot
 
 730 F.Supp. 1511 (D.N.D., 1989) and
 
 Jacksonville Professional Fire Fighters Association v. City of Jacksonville,
 
 685 F.Supp. 513 (E.D.N.C., 1987). While these courts do not support the ultimate position of the DOL, they do add credence to the position that an employer must adopt a qualifying work period in order to come under the § 207(k) exemption.
 
 Craven,
 
 730 F.Supp. at 1513 (upon Congress including public employers under the FLSA in May 1985, the City adopted a twenty-seven day work period and therefore the plaintiffs were entitled to overtime pay over two hundred four hours in a twenty-seven day work period as indicated in 29 C.F.R. § 553.230);
 
 Jacksonville,
 
 685 F.Supp. at 517 (“In accordance with the provision [§ 207(k) ], ... the public agency could elect to take advantage of subsection (k) for a partial overtime exemption”).
 

 This interpretation of
 
 Coventry
 
 finds support in a decision from the United
 
 *CXLVII
 
 States District Court for the District of Puerto Rico rendered shortly after
 
 Coventry
 
 was decided. The Court distinguished the holding in
 
 Coventry
 
 by noting that the issue in the Maldonado case “is not whether the defendant violated the maximum hours provisions of Section 7(k), but whether it properly availed itself of the Section 7(k) exemption.”
 
 Maldonado v. Administracion de Correccion,
 
 1993 WL 269650, *2 (D.P.R., 1993). The Court found that a qualifying work period must be “an established and regularly recurring period of work between seven and twenty-eight days chosen by the employer to calculate overtime wages.” Maldonado at *1 (citing 29 C.F.R. § 553.224(a)). “If it is not chosen, the standard provision of Section 7(a) of the FLSA are (sic) applied.”
 
 Maldonado
 
 at *3.
 

 The United States District Court for the District of Maine offered a differing view of the
 
 Coventry
 
 decision. In
 
 Mills v. State of Maine,
 
 the district court read the
 
 Coventry
 
 decision to mean that whenever a public employer fails to pay overtime to fire and law enforcement personnel, the public employer “may still calculate the overtime owed its employees in accordance with the overtime definition of subsection (k).”
 
 Mills v. State of Maine,
 
 853 F.Supp. 551, 552 (D.Me., 1994). I am not persuaded that this view of
 
 Coventry
 
 is correct.
 

 The
 
 Agawam
 
 Court clearly answered the precise question addressed in
 
 Maldonado
 
 and that is raised in this case. “The § 207(k) exemption applies, however, only if the employees are engaged in... ’law enforcement activities’ within the meaning of § 207(k), and only if the employer has adopted a qualifying work period.”
 
 Agawam,
 
 350 F.3d at 290. Under facts similar to those in the present case, the Court identified the sole issue to be whether a work period had been adopted by the Town. See
 
 Agawam,
 
 350 F.3d at 291. The Court found that the Town had not established a qualifying work period. See
 
 Aga-wam,
 
 350 F.3d at 291. As in the instant ease, the Town employed its officers on a repeating six-day cycle of four days on and two days off, a sequence which the First Circuit found did not constitute a § 207(k) work period. See
 
 Agawam,
 
 350 F.3d at 291. Further, the Town provided no evidence to show that it had adopted a qualifying work period. See
 
 Agawam,
 
 350 F.3d at 291.
 

 While the Court required that a work period be established, to do so is not a “high hurdle.”
 
 Agawam,
 
 350 F.3d at 291 n. 21. The work period can be any recurring period between seven and twenty-eight days in length and need not coincide with the pay periods of the officers.
 
 [6]
 
 See
 
 Agawam,
 
 350 F.3d at 291 n. 21. The work period does not have to reflect the actual practices between the Town and the officers; as long as a qualifying work period is announced, the employer can choose to pay its employees more generously. See
 
 Agawam,
 
 350 F.3d at 291 n. 21. However, if the employer fails to announce the qualifying work period, the ordinary work period and overtime provisions of § 207(a) apply. See
 
 Agawam,
 
 350 F.3d at 291 n. 21.
 

 The decision in
 
 Agawam
 
 is supported by cases in various other Circuits. The Seventh, Tenth, and Eleventh Circuits each have held that a public employer must adopt a qualifying work period under § 207(k) in order to benefit from its higher overtime thresholds.
 
 See Barefield v. Village of Winnetka,
 
 81 F.3d 704, 709 (7 Cir., 1996) (determined that § 207(k) “permits public agencies to establish a ‘work period’
 
 *CXLVIII
 
 that lasts from seven to 28 days” which would allow the Village to pay overtime due after forty-three hours in seven days versus after forty hours in seven days);
 
 Lamon v. City of Shawnee,
 
 972 F.2d 1145, 1151 (10 Cir., 1992) (finding that even though the City had never applied the work period that it had previously established, it qualified for the § 207(k) exemption); Wethington
 
 v. City of Montgomery,
 
 935 F.2d 222, 224 (11 Cir., 1991) (the § 207(k) system is only an option for public employers of fire and law enforcement personnel);
 
 Birdwell v. City of Gadsden,
 
 970 F.2d 802, 804 (11 Cir., 1992) (“If the city had adopted a work period between at least 7 consecutive days and 28, then the city is entitled to require its employees to work more hours without overtime pay”).
 

 Applying the rationale of the
 
 Aga-wam
 
 Court, i.e., that a public employer must affirmatively adopt a § 207(k) work period in order to qualify for the partial overtime exemption to the facts at hand leads inexorably to the conclusion that the City did not adopt a qualifying work period and therefore must calculate back overtime pay under the forty-hour threshold of § 207(a). The failure of the City to make such an adoption is evident in the record. First, the parties have stipulated that “the City of Boston has not effectively adopted a partial public safety exemption as set forth in 29 U.S.C. §§ 201 et seq.” (# 77, Exh. C ¶ 5). Next, during the relevant time period, the City utilized a six day work period (four days on and two days off) which would not be regularly recurring within seven to twenty-eight days.
 
 [7]
 
 Moreover, the deposition testimony of William Good and Mary Ryan, employees of the City, reflect that the City was aware of the requirements of § 207(k) but did not take steps to adopt a qualifying work plan. (#77, Exh. F and G) Lastly, during the liability phase of the proceedings, I determined that “[t]he parties have stipulated for purposes of the FLSA only that as of the dates at issue ... the City of Boston has not effectively adopted a partial public safety exemption as set forth in 29 U.S.C. § 207(K). This stipulation renders the latter regulation inapplicable to this matter.”
 
 O’Hara v. Menino,
 
 253 F.Supp.2d 147, 155 n. 6 (D.Mass., 2003).
 

 Based upon the decisions in
 
 Agawam
 
 and
 
 Coventry,
 
 it must be concluded that the City is not entitled to the partial exemption under § 207(k) because it had not effectively adopted a qualifying work period during the time at issue nor was one as a matter of fact in place.
 

 B. Liquidated Damages
 

 According to the FSLA, “[a]ny employer who violates the provisions of ... section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.” Title 29 U.S.C. § 216(b). The impact of this provision may be tempered under certain circumstances:
 

 In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or
 
 *CXLIX
 
 omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.
 

 Title 29 U.S.C. § 260.
 

 The defendants argue that the liquidated damages award should be calculated on the basis of the forty-three hour work week in § 207(k)
 
 [8]
 
 because they believed in good faith during the relevant time period that under
 
 Coventry,
 
 the default for police officers was forty-three and not forty hours. The Court is not persuaded by this contention.
 

 What is perfectly clear in this case is that the defendants violated the FLSA with respect to the plaintiffs’ overtime pay, and that it did so willfully. That the defendants may have thought that the damages they would have to pay would be calculated in a manner more favorable to them simply is not a reason to exercise my discretion to veer from the general rule that liquidated damages are awarded in an equal amount to overtime compensation.
 

 C. Limitations Period
 

 In relevant part, 29 U.S.C. § 255 provides:
 

 Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.]...
 

 (a) if the cause of action accrues on or after May 14, 1947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.
 

 Title 29 U.S.C. § 255(a).
 

 The Supreme Court has interpreted the term “willful” as used in this statute to mean “that the employer either knew or showed recMess disregard for the matter of whether its conduct was prohibited by the statute.”
 
 McLaughlin v. Richland Shoe Company,
 
 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).
 
 See also Reich v. Newspapers of New England, Inc.,
 
 44 F.3d 1060, 1079-80(1 Cir., 1995).
 

 The plaintiffs have proffered a plethora of undisputed evidence to establish that the City’s violation of the FLSA in this case was willful. See, e.g., #77 at 2-5. Indeed, at the oral argument on these motions, counsel for the defendants conceded that the three year statute of limitations is applicable with the statute running back from the time each plaintiff submitted his/her written consent to opt into this action. With the plaintiffs’ agreement at the hearing that the defendants’ proposed application of the statute is appropriate, there is no issue for the Court to decide.
 

 IV. Conclusion and Order
 

 For the reasons stated it is ORDERED that the Plaintiffs’ Motion For Summary Judgment (# 76) be, and the same hereby is, ALLOWED. It is FURTHER ORDERED that the Cross-Motion For Summary Judgement On Damages Issues (# 78) be, and the same hereby is, DENIED.
 

 
 *CL
 
 Counsel shall agree on a form of judgment to be entered and forward the same to the Court.
 

 [2]
 

 . Familiarity with the facts of this case is presumed, or the reader is directed to the published opinion wherein they are detailed at length.
 

 [3]
 

 . While
 
 Coventry
 
 discusses the overtime compensation for firefighters, for present purposes there is no difference between firefighters and law enforcement officers other than the maximum allowable hours in a work period.
 

 [4]
 

 . In its brief on appeal, the DOL stated in a footnote that "[i]n finding Section 7(k) applicable, the court assumed that
 
 Coventry
 
 established a twenty-seven day work period... The court was wrong both in stating that the length of the work period established is of no consequence and in implicitly accepting that the twenty-seven day work period was established here... Nevertheless,
 
 Coventry’s
 
 failure to establish a work period is subsumed under its failure to have paid any required overtime whatsoever under Section 7(k).”
 

 [5]
 

 . See Department of Labor, Wage and Hour Division, Opinion Letter, January 13, 1994, 1994 WL 1004749. The DOL continues to take the position that "an employer is not relieved from s7(a) overtime compensation unless s7(k) has been claimed and affected employees have actually been paid in accordance with its provisions.” Id.
 

 [6]
 

 . In her affidavit Sally Glora, the City Auditor, states inter alia that "[p]laintiifs’ pay period is, and at all relevant times has been, a seven-day period.” (# 81 113) As noted, however, a work period and a pay period are not necessarily the same.
 

 [7]
 

 . Although not pertinent in the current context, the City did affirmatively adopt a qualifying work plan on July 6, 2002. See #81 ¶ 2.
 

 [8]
 

 . The defendants advocate calculation under the forty-three hour work week irrespective of whether overtime is determined under § 207(a) or § 207(k).