### SCHMIDTKE v. CONESA.

#### No. 3849.

Circuit Court of Appeals, First Circuit.

March 27, 1944.

L. E. Dubon, Dubon & Ochoteco, and Otero Suro & Otero Suro, all of San Juan, P. R., for appellant. No appearance for appellee.

Douglas B. Maggs, Sol., Bessie Margolin, Asst. Sol., George W. Kretzinger, Jr., Regional Atty., and Faye Blackburn, Atty., United States Department of Labor, all of Washington, D. C., for Administrator of the Wage and Hour Division, United States Department of Labor, amicus curiae.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from a judgment of the District Court of the United States for Puerto Rico dismissing his complaint in an action for unpaid overtime compensation, liquidated damages, an attorney's fee and costs brought under § 16 (b) of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 216 (b).

In his complaint the plaintiff alleged that he was duly licensed by the Federal Communications Commission as a "Radio Telephone First Class Operator;" that from January, 1939, to July 31, 1940, he had worked for the defendant in the latter's radio broadcasting station located at Ponce, Puerto Rico, as a radio operator; that it was "his duty to watch and keep in working shape the transmitting equipment of said Radio Broadcasting Station;" that his salary had ranged between $125 and $140 per month; that during his employment he had worked a specified number of hours overtime, and that he had not been paid therefor as the Act requires. The defendant answered admitting that he had employed the plaintiff in the above capacity and that such employment was in "Commerce" as defined by § 3(b, c) of the Act, 29 U.S.C.A. § 203(b, c), but denying that the plaintiff had worked overtime. The defendant also alleged as special defenses that the overtime hours spent by the plaintiff in the broadcasting station were not spent in working for the defendant, but in copying Associated Press Service News dispatches for a local daily newspaper for which the newspaper paid the plaintiff a salary of $50 per month, and, further, that the plaintiff, upon the termination of his employment had rendered an account to the defendant which the defendant had paid and the plaintiff had accepted in full accord and satisfaction of all claims.

The case went to trial on these pleadings. At the hearing documentary evidence was introduced by stipulation and the plaintiff's oral testimony was taken. The only evidence in the record as to the nature of the plaintiff's duties is his testimony: "I took the readings of the meters every half hour as required and maintained the operation of the transmitter and the equipment as best I knew how within the laws, as well as I could—that was my duty." Near the close of the plaintiff's oral testimony the court stated: "He has stated the time he worked. It does not matter what kind of work he did." Nevertheless the court, after taking the case under advisement, dismissed the plaintiff's complaint on the ground that his employment had been in a professional capacity and hence under the exemption of § 13(a)(1) of the Act, 29 U.S.C.A. § 213(a)(1), he was not within its coverage. This was error.

Since the Act is in its nature remedial, its exemptions are to be strictly construed and one claiming their benefit must bring his case within both their letter and spirit. Bowie v. Gonzalez, 1 Cir., 117 F.2d 11, 16. From this and also according to ordinary principles of pleading it follows that a plaintiff, in order to state a cause of action under the Act, is not required to allege that its exemptions are inapplicable. Stratton v. Farmers Produce Co., 8 Cir., 134 F.2d 825, 827. Exemption is a matter which must be alleged as a special defense under Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and this the defendant did not even attempt to do. Thus the court below decided this case on an issue which not only had not been raised by the pleadings, but also on one as to which no evidence had been introduced and as to which the court had expressed indifference. This constitutes reversible error. Walling v. Acosta, 1 Cir., 140 F.2d 892.

The appellant and the Administrator of the Wage and Hour Division of the United States Department of Labor, as amicus curiae, ask us to decide, largely on the basis of Walling v. Sun Publishing Co., D.C., 47 F.Supp. 180, 185, that the plaintiff was not employed by the defendant in a professional capacity. The case cited holds that one having the same title as the plaintiff is not a professional employee, but duties, not titles, are determinative of the issue of coverage, and on the record before us we cannot say what the plaintiff's duties actually were. Furthermore, without amendment of the pleadings the issue of the plaintiff's exemption as a professional employee is no more before us than it was before the court below. See Cohen v. United States, 8 Cir., 129 F.2d 733, 737. See also Carroll v. Paramount Pictures, D. C., 3 F.R.D. 47, 48.

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.