Marvin E. **BIRDWELL**, Gary C. Alexander, Martha L. Harbin; Mark Henderson; and Jeffrey W. Wagnon; et al., Plaintiffs–Appellees,

v.

**CITY OF GADSDEN, ALABAMA,**
**a municipal corporation,**
**Defendant–Appellant.**

No. 91–7754.

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1992.

Ralph K. Strawn, Jr., Henslee, Bradley & Robertson, P.C., Gadsden, Ala., for defendant-appellant.

George C. Longshore, Longshore, Nakamura & Quinn, Birmingham, Ala., for plaintiffs-appellees.

Appeal from the United States District Court for the Northern District of Alabama.

Before ANDERSON, Circuit Judge, HILL and ESCHBACH *, Senior Circuit Judges.

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

HILL, Senior Circuit Judge:

The City of Gadsden appeals from a jury verdict in favor of its police officers. The police officers had brought two claims under the Fair Labor Standards Act ("FLSA"). First, the officers alleged that they had been required to work 15 minutes per day for which they were not compensated. Second, a group of detectives argued that they should be paid for a one week period in which they were on-call.

The police officers were being paid for eight hours a day. However, the jury found that the officers were actually working eight hours and fifteen minutes per day. The officers were required to attend a roll call fifteen minutes before the hour. At the top of the hour, they went out on their assignments. The officers testified that they were required to be at work from the top of the hour for eight hours. The next shift of officers would appear 15 minutes before the previous shift ended for roll call. The city argued that the shift was only eight hours—beginning with the roll call and ending when the next shift's roll call began. However, several officers testified that while the next shift's roll was being taken, they were required to work until the top of the hour. Thus, there was a fifteen minute overlap between the shifts. The jury found that the plaintiffs were working eight hours and fifteen minutes per day.

As a result, the district judge awarded the officers overtime pay for the extra one hour and fifteen minutes the officers had worked per week during the three year period. The city challenges the sufficiency of the evidence for the jury's finding. The city also argued that it is exempt from paying overtime under 29 U.S.C. § 207(k) unless the employees work over 43 hours during a seven day work period. The district court found that the 7(k) exemption did not apply.

For the second claim, plain clothes detectives were instructed to be prepared to report to work immediately during a one week strike by other city employees. The detectives were required to remain near a phone at all times or to carry a beeper.

The detectives could not leave town, drink, or use any compensatory time. The jury found that, during this on-call period, the detectives were not able to use their time for their benefit and that the detectives were entitled to compensation.

The district court denied the city's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial or remittitur. The district court awarded the plaintiffs damages and attorney's fees for the FLSA violations.

We find that the district court erroneously determined that the city did not benefit from the 7(k) exemption, and that this issue was appropriate for the jury. In addition, the district court erred in not granting the city's motion for judgment notwithstanding the verdict for the on-call claim.

## I. THE ROLL CALL CLAIM

■ In general, employers are required to pay employees overtime for hours worked over forty hours per week. 29 U.S.C. § 207(a)(1). The exception to this rule is found in Section 7(k) which provides

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities ... if ...

(2) in the case of such an employee to whom a work period of *at least 7* but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of *consecutive days* in his work period as 216 ... bears to 28 days,

compensation of a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. 207(k). [emphasis added]. If the city had adopted a work period between at least 7 consecutive days and 28, then the city is entitled to require its employees to work more hours without overtime pay. The City argues it has instituted a 7 day work period. Using the formula of the statute, the Department of Labor has de-

termined that an employer must pay overtime after 43 hours, rather than 40 hours under 7(a). 29 C.F.R. 553.230. The City argues that it has a seven day work period, that during that work period the most the employee worked was 41 and ¼ hours; thus, the City is not required by the statute's exemption to pay overtime.

The jury found that the officers worked 41 and ¼ hours per week. The evidence included testimony by the officers that they performed paper work at the end of their shift while the new shift's roll was being called. The officers also testified they were required to remain at headquarters during this 15 minute transition period. We hold that there was sufficient evidence for the jury to make this finding and affirm its finding that the City breached its contract by failing to compensate them for this time.[1]

■ Nevertheless, the City may have been in breach of contract while not in violation of the FLSA. *Atlanta Professional Firefighters Union v. Atlanta,* 920 F.2d 800, 806 (11th Cir.1991) (the city violated its contract, but not the FLSA, by not counting holiday and relief days). The question, then, is whether the officers are entitled to overtime compensation for this time under the FLSA. The resolution to this question turns on whether the city had a traditional workweek requiring overtime after 40 hours, or had adopted a seven day workweek under 7(k), only requiring overtime after 43 hours. If the city had a seven day workweek, then the city violated the FLSA only if it failed to pay the officers overtime for time worked after 43 hours, rather than 40 hours as called for in the contract. The district court ruled that 7(k) did not apply and instructed the jury that overtime was required by the FLSA if the employees worked longer than 40 hours. The district court stated

> And if an employee works one day after the other for five days, it seems to me that he has worked five consecutive days. And five consecutive days is not at least seven, but at least—but less than 28 consecutive days under the Reg.

The city objected and presented the testimony of Jerry Gladden, the city's personnel director, to prove a seven day work period. Gladden testified that the officers had a seven day pay period during the five years he was with the city. During this period, the officers worked five days, and their two days off would vary from period to period. Finally, the City introduced its contract with the officers that adopted a seven day workweek. With this evidence, it was error for the district court to hold that 7(k) does not apply and not to permit the issue to go to the jury.

The burden is on the employer to prove he has adopted a 7(k) workweek exemption. *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Guthrie v. Lady Jane Collieries, Inc.,* 722 F.2d 1141, 1143 (3d Cir.1983). Exemptions from the overtime provisions of section 207 are to be narrowly construed against the employer. *Tony & Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 296, 105 S.Ct. 1953, 1959, 85 L.Ed.2d 278 (1985); *Atlanta Professional Firefighters,* 920 F.2d at 804. The Act should be interpreted liberally in the employee's favor. *Mitchell v. Lublin, McGaughy & Assoc.,* 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959); *Hodgson v. University Club Tower, Inc.,* 466 F.2d 745, 746 (10th Cir.1972). The defendant must prove applicability of an exemption by "clear and affirmative evidence." *Donovan v. United Video, Inc.,* 725 F.2d 577, 581 (10th Cir.1984).

■ Whether the employer has proved that he has adopted a 7(k) work period is a question for the jury. *Lamon v. City of Shawnee,* 754 F.Supp. 1518 (D.Kan.1991) (jury found that the city had established a 28 day work period); *Nixon v. Junction City,* 707 F.Supp. 473, 479 (D.Kan.1988) (denying city's motion for summary judgment since there was a credibility issue). *See Lee v. Coahoma County,* 937 F.2d 220, 224–225 (5th Cir.1991) (on appeal from a bench trial, the Fifth Circuit remanded to the district court for a finding of the appro-

---

1. The contract required the city to pay overtime after 40 hours.

priate work period). Therefore, since the city presented enough evidence from which a jury could find a 7(k) work period, it was error for the district court to keep the issue from the jury.

The district court erred by holding, as a matter of law, that for the 7(k) exemption to apply, it was required that the employee work 7 consecutive days. Section 7(k) requires a work *period* of a minimum of 7 consecutive days for the exemption to apply. Neither the statute nor the regulations require the employee to work on each day of the work period. Surely the city does not need to require firefighters to work 28 consecutive days in order to adopt a 28 day work period under 7(k).

The plaintiffs argue that the city has waived the advantages of the 7(k) exemption by virtue of its contract which promises to pay overtime after 40 hours and by its conduct of paying overtime after 40 hours. We have held that "parties cannot contract out of the Act. . . . the question of contract or agreement is not relevant to whether the FLSA covers a given situation." *Wethington v. City of Montgomery*, 935 F.2d 222, 229 (11th Cir.1991). Although the city agreed in the contract to pay overtime after 40 hours, the FLSA requires the city to pay overtime after 40 hours only if the city has not adopted a seven day work period. Thus, while there may be a breach of contract, the FLSA is not violated if the FLSA does not cover the situation. *Atlanta Professional Firefighters*, 920 F.2d at 806.

The city does have an option not to take advantage of the exemption in that it can choose a work period of less than seven days. *Wethington*, 935 F.2d at 224. The contract may very well be probative of the type of work period under which the city has chosen to pay its employees. We note that the contract calls for a seven day work week.

The regulations caution us that a work period is not the same idea as a work week or pay period:

(a) As used in Section 7(k), the term "work period" refers to any established and regularly recurring period of work which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days nor more than 28 consecutive days. Except for this limitation, the work period can be of any length, and *it need not coincide with the duty cycle or pay period* or with a particular day of the week or hour of the day.

29 C.F.R. § 553.224 [emphasis added]. *See also Lee*, 937 F.2d at 224 (district court incorrectly calculated employee's overtime compensation based on the pay cycle rather than the work period).

If the plaintiffs had had an opportunity to present evidence of the work period, and had the evidence not developed any further than it was developed in this case, then it would have been appropriate for the district court to direct a verdict finding a seven day work period. The evidence was uncontradicted that the officers worked in seven day cycles—an officer worked five days with two days off. The city would vary which days the officer could take off, but the seven day cycle was kept. In addition, the contract called for a seven day week. With no evidence to contradict this, a directed verdict in the defendant's favor would have been proper.[2] However, the plaintiffs never had a chance to present evidence regarding the work period since the district court ruled that 7(k) did not apply while the plaintiffs were presenting their case. Thus, we cannot direct the district court to enter a judgment for the defendant without first giving the plaintiffs an opportunity to present evidence or argue their motion. The judgment of the district court is reversed, and the case is remanded for a new trial only for the resolution of the work period. If the defendant carries its burden of proof on the issue, and if the plaintiff presents no evidence, then it would be appropriate for the court to direct a verdict or grant summary judgment at that point.

**2.** Furthermore, if there is no issue of material fact, disposition of this issue would be appropri-

ate by summary judgment.

## II. ON–CALL CLAIM

Plain clothes detectives brought a claim arguing that they were not compensated for time they spent on-call during one week in October, 1989. Non-law enforcement employees of the city of Gadsden were striking, and the Captain of the police force sent the detectives a memo stating

Effective this date and until further notice, all officers of this division are required to leave a telephone number, location or other means by which you can be immediately contacted both on and off duty.

Be prepared to report for duty, in uniform, immediately.

The detectives claimed that the FLSA required that they be compensated for this time during which they could have been called to duty. The city argued that the officers were not working during this time for purposes of the FLSA, and thus were not entitled to compensation. At the close of the evidence, the city moved for a directed verdict, arguing that there was not sufficient evidence for a jury to find that the men were working during this period. The district court rejected the motion, and the jury found for the plaintiffs. Arguing both that the judge had improperly applied the law by sending the issue to the jury and that no reasonable jury could have found for the plaintiff, the city then moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial or remittitur. The district court denied these motions, and the city appeals.

We will uphold a jury verdict if there is probative evidence to support the verdict. *Lane Crane Service, Inc. v. Int'l Brotherhood of Electrical Workers*, 704 F.2d 550 (11th Cir.1983). So long as the jury was properly instructed as to the law the verdict must stand unless no reasonable jury could reach such as conclusion as a matter of law. *Nash v. Duval County*, 763 F.2d 1393, 1397 (11th Cir.1985).

■ When employees are engaged to wait for the employer's call to duty, this time may be compensable under the FLSA. *Skidmore v. Swift & Co.*, 323 U.S. 134, 136, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944). The question of whether the employees are working during this time for purposes of the FLSA depends on the degree to which the employee may use the time for personal activities. *Id.* at 138, 65 S.Ct. at 164. This question has been formulated as whether "the time is spent predominately for the employer's benefit or for the employee's." *Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944); *Boehm v. Kansas City Power and Light Co.*, 868 F.2d 1182 (10th Cir. 1989); *Halferty v. Pulse Drug Co., Inc.*, 864 F.2d 1185, 1187 (5th Cir.1989). This question is "dependent upon all the circumstances of the case." *Skidmore*, 323 U.S. at 136, 65 S.Ct. at 163.

■ Whether a certain set of facts and circumstances constitute work for purposes of the FLSA is a question of law. *Bright v. Houston Northwest Medical Center Survivor, Inc.*, 934 F.2d 671 (5th Cir.1991) (en banc). *Stare decisis* means that like facts will receive like treatment in a court of law. *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 374 (5th Cir.1987). Some courts have construed *Skidmore* as mandating that whether on-call time is work is a question of fact.[3] In *Skidmore*, the Court stated:

[W]hether in a concrete case such time falls within or without the Act is a question of fact to be resolved by appropriate findings of the trial court.

323 U.S. at 136–137, 65 S.Ct. at 163. The court made this statement when reversing

---

**3.** A Fifth Circuit panel believed that the question was one of fact that would always preclude summary judgment or a directed verdict. *Bright v. Houston Northwest Medical Center Survivor, Inc.*, 888 F.2d 1059 (5th Cir.1989). This panel was vacated by the en banc decision which held that if there are no disputed facts, that a directed verdict or summary judgment is proper. *Bright*, 934 F.2d at 674 (en banc).

Another Fifth Circuit panel, apparently not sure how to treat the district court's finding that the on-call time was spent predominately for the benefit of the employer, found the district court's "holding, if one of fact, clearly erroneous and, if one of law, plainly in error." *Halferty v. Pulse Drug Co., Inc.*, 864 F.2d 1185, 1189 (5th Cir.1989).

the district court's finding that on-call time *would never be* covered by the act. Since it is indeed possible that, under certain sets of facts, on-call time could be working time under the FLSA, and since the court could not set down a "single legal formula to resolve" all cases, the Court directed the lower courts to examine the particular facts in each case. *Id.* at 674. But the Court could not have meant, as the Fifth Circuit discussed, "that the *same* set of facts may lead to different results, but rather [meant] that the different facts of discrete cases may produce different results." *Bright,* 934 F.2d at 675. Certain sets of facts, if found by a fact finder, will give rise to liability under the FLSA while other sets of facts will not. It is for the court to determine if a set of facts gives rise to liability; it is for the jury to determine if those facts exist.

The Supreme Court left to the lower courts to trace the exact contours of what types of on-call time are compensable by the act. Thus, a claimant under the FLSA must make out a prima facie case before the jury can determine the factual issues.[4] If "the undisputed facts afford no basis for a finding that the employee's on-call time was working time for purposes of section 7," then a directed verdict is proper. *Bright,* 934 F.2d at 671; *Boehm,* 868 F.2d at 1184 (reversing the district court's denial of a directed verdict and a judgment notwithstanding the verdict).

When deciding whether on-call time is covered by the FLSA, the court should examine

> the agreements between the particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the surrounding circumstances.

*Skidmore,* 323 U.S. at 137, 65 S.Ct. at 163. Even though we find that the jury was properly instructed on the law, a review of the undisputed facts leads us to conclude, as a matter of law, that the plaintiffs' on-call time is not compensable under the FLSA.

At trial, the detectives presented evidence that the entire force was on-call during this period. The detectives were not required to remain at the police station, but they could not leave home unless they left a forwarding number or owned a beeper. For those detectives who did not own beepers, this requirement limited their activities. They could not participate in outdoor activities such as fishing or hunting. The detectives could not leave town, go on vacation, or take compensatory time off. Detectives testified that they could not go on outings with their families, for if a detective wished to go somewhere with his family, the family was required to take two cars since the detective could have been called away at any moment. Finally, the detectives could not drink alcohol during this period.

Despite these restrictions, several detectives worked two jobs. No one testified that they could not use their time at home as they wished, and the detectives could, merely by leaving a forwarding number or purchasing a beeper, leave home. Assuming that the jury accepted all the plaintiffs' facts as true, we conclude that, nevertheless, the plaintiffs' on-call time was not used predominately for the employer's benefit, and reverse the district court's denial of defendants' motion for judgment notwithstanding the verdict.

In *Bright,* the plaintiff was on-call throughout all of his off-duty time. 934 F.2d at 673. During his off-duty time, he could not become intoxicated, was required to be reachable always by beeper, and was required to arrive at the hospital within

---

4. Of course, the jury may decide that the plaintiffs' off-duty time was not spent predominately for the benefit of the employer. In *Allen v. Richfield Co.,* the Fifth Circuit upheld a jury verdict finding that off-duty time was not work time. 724 F.2d 1131 (5th Cir.1984). Although the security guards spent their twelve off-duty hours in the factory subject to call, the security guards were free to sleep, eat, watch movies, play games, or read. *Id.* at 1137. This evidence was sufficient for the jury to find the employees used the time predominately for their own benefit. *Id.*

approximately 20 minutes of being called. *Id.* Not once during eleven months was Bright free from these restrictions. No other employees shared his on-call duty. He took no vacation. He had no days off. *Id.* at 679 (Williams, J., dissenting). While the Fifth Circuit acknowledged that Bright's job was undesirable and perhaps oppressive, it held that this on-call time was not working time under the FLSA. *Id.* at 678–78.

In another Fifth Circuit case, the employee's job restricted her to her home from 5 p.m. to 8 a.m. five nights a week. *Halferty*, 864 F.2d at 1185. Irma Ruth Halferty was a telephone dispatcher for a nonemergency ambulance company. *Id.* at 1187. Halferty answered calls at home for the company. Halferty could leave her home so long as the calls were forwarded or if someone answered them for her. The company paid Halferty a flat rate for each night plus a set rate for each ambulance called. *Id.* Halferty was not eligible for the minimum wage or overtime provisions of the FLSA because this time was not work for purposes of the FLSA. *Id.* at 1189. Since Halferty could "visit friends, entertain guests, sleep, watch television, do the laundry, and babysit," she was using the time predominately for her own benefit. *Id.*

In *Boehm v. Kansas City Power and Light Co.*, 868 F.2d 1182 (10th Cir.1989), the power company required its linemen to be on-call twenty-four hours a day during storms and emergencies. The company required the employees to be reachable and to accept call-outs one out of every three calls. *Id.* No matter how many times the company actually tried to reach an employee on a given day, each day counted only as one call. If the employees were not reachable and did not accept at least one in three calls, they were subject to discipline. *Id.* The Tenth Circuit found that the district court erred in not granting the company's motion for directed verdict and held that the "defendant's call-out policy as written and as applied was not so restrictive that a jury reasonably could conclude that the time was spent predominately for the employer's benefit." *Id.* at 1185.

Likewise, in *Norton v. Worthen Van Service, Inc.*, the Tenth Circuit found that even more restrictions on an employees off-duty time were not compensable. 839 F.2d 653 (10th Cir.1988). In *Norton*, the company required its van drivers to remain near the company premises in case the company needed a driver. The drivers were required to wait during shifts of 8 to 10 hours a day, but were "compensated for this waiting time only if they received a call to transport railroad crews within two hours of their last call." *Id.* at 654. If a driver failed to respond within 20 minutes of the call, he was disciplined. If he were disciplined three times, he was fired. *Id.* While acknowledging the restrictions on the employees' time, the Tenth Circuit found that the employees had opportunities to pursue their personal interests during this time; thus, this restricted time was not working time. *Id.* at 655–656. The court also noted that an employee could have alleviated some of the restrictions on his time by purchasing a beeper. *Id.*

In another Tenth Circuit case, the court found that firefighters must be compensated for their on-call time. *Renfro v. City of Emporia*, 948 F.2d 1529 (10th Cir.1991). The Emporia firefighters were placed on-call for twenty-four hours following each tour of duty. *Id.* at 1531. The fighters were permitted to leave the station, but were required to wear beepers. If called, the fighters were expected to appear dressed in their uniforms at the station within twenty minutes. *Id.* The firefighters could expect to be called between three to five times per twenty-four hours period and sometimes received as many as thirteen calls. *Id.* at 1532.

The Tenth Circuit found the number of calls the firefighters could expect to receive during a day to be a crucial distinction between *Renfro* and *Boehm* and *Norton*. *Id.* at 1537. It is the nature of a firefighter's work to be ready and alert for emergencies, and the on-call time required them to perform the same activities as their on-duty time—waiting prepared for emergencies. *Id.* at 1538. Since the fighters could expect to be and were actually

called as much as thirteen times a day, they were effectively precluded from using their on-call time for their own benefit. *Id.*

From a review of these cases, it is clear that an employee's free time must be severely restricted for off-time to be construed as work time for purposes of the FLSA. *See also Cole v. Farm Fresh Poultry, Inc.,* 824 F.2d 923 (11th Cir.1987) (chicken processing plant was required to compensate employees for time they spent waiting while the assembly line was down and being repaired). The Gadsden detectives' off-time was not so restricted that it was not used predominately for their benefit. They could do anything they normally did so long as they were able to respond to a call promptly and sober. Unlike the firefighters in *Renfro,* the detectives were never called, and they never had reason to expect to be called. Thus, we find that the detectives were not working during this period.

The district court's denial of the defendant's motion is reversed. The case is remanded so that the district court may enter a judgment in the defendant's favor.

## III. ATTORNEY'S FEES AND DAMAGES

The district court may award attorney's fees if the plaintiff has proved a violation of the FLSA. 29 U.S.C. § 216(b). The district court's award for fees for the on-call claim is vacated. On remand, after resolution of the roll call claim, the district court shall determine whether the FLSA was violated. If there was a violation, the district court shall award reasonable attorney's fees for that claim. As we have stated infra, we uphold the jury verdict finding that the officers worked fifteen extra minutes each day and that the City violated its contract by failing to pay for this time. The district court shall determine what type of compensation, if any, that the contract and FLSA require, and if there should be any set-off for any overtime credits. None of the appellant's other arguments merit discussion.

The judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.