**Matthew L. HUDKINS, Plaintiff,**

v.

**MAXIM HEALTHCARE SERVICES, INC., Defendant.**

No. 97–332–CIV–T–26C.

United States District Court,
M.D. Florida,
Tampa Division.

July 2, 1998.

Michael R. McCullough, Law Office of Michael R. McCullough & Associates, Jacksonville, FL, Richard S. Shuster, Michael R. McCullough & Associates, Jacksonville, FL, for Matthew L. Hudkins, plaintiff.

Patrick Daniel Coleman, Margaret Wray Means, Coffman, Coleman, Andrews Grogan, P.A., Jacksonville, FL, for Maxim Healthcare Services Inc., a foreign corporation defendant.

## ORDER

LAZZARA, District Judge.

On June 30, 1998, this Court, following a non-jury trial in this case, announced findings of fact and conclusions of law in accord with Federal Rule of Civil Procedure 52 in support of its entry of judgment on behalf of the Defendant. Although the Court continues to adhere to its oral findings and conclusions, the purpose of this order is to crystallize its reasons for entering judgment for the Defendant.

The evidence and testimony presented by the parties established the following. The general business operation of the De-

fendant was to provide nurses to clients who had a need for nursing services. The primary duty of a recruiter, the capacity in which the Plaintiff was employed by the Defendant, was directly related to the Defendant's general business operation in that it was a recruiter's responsibility to oversee the placement of nurses with the Defendant's clients. In order to fulfill this primary employment duty, a recruiter was required to work in an office setting performing nonmanual work and .to exercise his or her discretion and independent judgment in undertaking the following tasks: (1) recruiting nurses capable of providing nursing services to the Defendant's clients; (2) placing nurses who would provide the best services to the Defendant's clients; (3) approving higher rates of pay for nurses when the occasion demanded it in order to ensure the placement of the most capable nurses with the Defendant's clients; (4) counseling and disciplining nurses who did not provide good services to the Defendant's clients; and (5) participating in the termination of nurses who did not provide good services to the Defendant's clients. In short, the evidence and testimony clearly and affirmatively established that Plaintiff's primary duty as a recruiter was to promote, service, and administer the Defendant's general business operation of placement of nurses in such a manner so as to ensure that the *nurses* the Plaintiff placed with the Defendant's clients were capable of *producing* good nursing services and that in furtherance of that objective the Plaintiff exercised discretion and independent judgment.

Given these findings, the Court once again reiterates that the Defendant has met its burden of establishing by a preponderance of the evidence that the Plaintiff clearly and affirmatively fell within the administrative exemption provided for in 29 U.S.C § 213(a)(1) as more fully explicated in 29 CFR §§ 541.2 and 541–205. *See Birdwell v. City of Gadsden,* 970 F.2d 802, 805 (11th Cir.1992); *Dybach v. State of Florida Department of Corrections,* 942 F.2d 1562, 1566 n. 5 (11th Cir.1991). Ac-

cordingly, the Defendant was not required to pay the Plaintiff overtime wages pursuant to 29 U.S.C. § 207(a)(1).