**Harold F. MacGILVRAY, III, et al., Plaintiffs,**

v.

**CITY OF MEDFORD, Medford Police Department and Leo A. Sacco, Jr., in his capacity as Chief of Police, Defendants.**

**Civil Action No. 06–10909–NMG.**

United States District Court, D. Massachusetts.

Nov. 3, 2008.

Jack J. Canzoneri, Jason R. Powalisz, McDonald, Lamond & Canzoneri, Southborough, MA, for Plaintiffs.

Paul L. Kenny, Medford, MA, for Defendant, City of Medford.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiffs in this case, employees of the Medford Police Department, sued the City of Medford ("the City"), the Medford Police Department and Leo A. Sacco, Jr., in his capacity as Chief of Police of the Medford Police Department (collectively "the defendants"), for allegedly failing to calculate and pay appropriate overtime compensation due to them under the Fair Labor Standards Act of 1938, 29 U.S.C. § 207 ("the FLSA"). The parties' cross-motions for partial summary judgment and related motions are now before the Court.

## I. *Background*

By joint motion filed on November 5, 2007, the parties agreed that 1) motions for summary judgment would be due March 31, 2008, 2) oppositions to those motions would be due April 30, 2008 and 3) replies to the oppositions would be due May 15, 2008. The plaintiffs filed a timely motion for partial summary judgment on March 31, 2008. The defendants did not file a corresponding motion but two weeks later filed an assented to motion for extension in time to file an opposition to the plaintiffs' motion. On April 21, 2008, the defendants filed their own motion for partial summary judgment, accompanied by a memorandum in support of their motion and in opposition to the plaintiffs' motion. The defendants also filed a motion to strike the affidavits submitted by the plaintiffs in support of their motion for partial summary judgment.

On May 27, 2008, the plaintiffs filed a three-part emergency motion: 1) to strike the defendants' motion for partial summary, 2) to enlarge the time to file a responsive pleading to that motion and 3) to enlarge the time to file an opposition to the defendants' motion to strike. The following day, this Court granted part 3) of that motion and the plaintiffs, accordingly, filed an opposition to the defendants' motion to strike. They also re-filed parts 1) and 2) of their emergency motion which the defendants oppose.

## II. *Legal Analysis*

### A. Motions for Summary Judgment

#### 1. Timeliness of the Defendants' Motion

According to the record, the defendants' motion for partial summary judgment was not timely filed. The plaintiffs move to strike it on the grounds that the defendants unjustly benefited from being able to

consider the plaintiffs' motion before filing their own.

Apparently, the defendants mistakenly sought an extension of time to file their opposition to plaintiffs' motion for partial summary judgment rather than an extension of time to file their own motion for partial summary judgment. Under the parties' earlier stipulation, oppositions were not due until April 30, 2008, a week or so *after* the due date requested by the defendants. Although compliance with the discovery schedule is important, the Court will excuse it here in the interest of fairness and will consider the defendants' motion for partial summary judgment. In any event, as discussed below, the timeliness issue is rendered moot because defendants' motion will be denied on other grounds.

## 2. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## 3. Analysis

The parties have filed cross-motions for summary judgment on the issue of whether the City established the standard 7–day/40–hour workweek subject to FLSA, § 7(a) or a special work period under FLSA, § 7(k) for police department employees such as the plaintiffs.

As set out in § 7(a), the FLSA generally requires an employer to pay overtime compensation to an employee at a rate of one and one-half times his regular rate for the time he works in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). A partial exemption under the FLSA, set out in § 7(k) provides that municipalities and other public agencies may, however, adopt a special work period of 7 to 28 days for law enforcement personnel. In that case, overtime compensation need not be paid until a law enforcement employee has worked more than 171 hours over 28 days or some ratio thereof if the work period is less than 28 days. 29 U.S.C. § 207(k); 29 C.F.R. § 553.230(b). This exemption was meant to accommodate the "inherently unpredictable nature" of police work.

*O'Brien v. Town of Agawam,* 350 F.3d 279, 290 (1st Cir.2003).

■■■■ An employer bears the burden of proving that it established a work period qualifying for the § 7(k) exemption. *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). The employer must prove that it "announced that it had a work period between seven and twenty-eight days".[1] *Harris v. City of Boston,* 312 F.Supp.2d 108, 115 (D.Mass.2004). The § 7(k) exemption must be narrowly construed and the FLSA must generally be construed in the employee's favor. *See O'Brien,* 350 F.3d at 290–91.

The plaintiffs contend that the City never announced that it had adopted a special work period. In support of their contention, those police personnel, including the former president of the Medford Police Patrolmen's Association ("the MPPA"), Frederick Garvey ("Garvey"), have submitted affidavits stating that they have never heard of or been advised of such a special work period. Moreover, the plaintiffs claim to have been paid on the basis of a 7–day/40–hour workweek. As a result, they claim to have understood that such a work period was in place, subject to the mandates of § 7(a) of the FLSA.

The defendants, on the other hand, assert that the City expressly announced a qualifying work period. They state that a letter dated October 8, 1985, which was delivered to Garvey and placed in the official personnel folders for all current and subsequently hired patrol officers, created a 28–day work period. That letter, suggesting that the plaintiffs were aware of the 28–day work period, specifically con-

tradicts the plaintiffs' claim. The defendants further indicate that the City reached a settlement with the MPPA in 1997 in which damages were based upon a 28–day work period.

■■■■ Because there is a factual dispute as to whether the City announced a work period qualifying for the § 7(k) exemption in the FLSA, this Court will not enter summary judgment for either party. Such a genuine issue of material fact is for the jury. *See Singer v. City of Waco,* 324 F.3d 813, 818 (5th Cir.2003) ("This issue [as to what type of FLSA § 7(k) exemption applies] is a question of fact, and was properly submitted to the jury."); *Birdwell v. City of Gadsden,* 970 F.2d 802, 805 (11th Cir.1992) ("Whether the employer has proved that he has adopted a 7(k) work period is a question for the jury."); *Caminiti v. County of Essex,* No. 04–4276, 2007 WL 2226005, at *10, 2007 U.S. Dist. LEXIS 56361, at *27 (D.N.J.2007) ("[C]ourts have strongly urged that the question of whether a 207(k) exemption has been established should be left to the jury. Accordingly, this Court denies summary judgment and will allow a jury to determine whether a 207(k) exemption has been established.").

## B. Defendants' Motion to Strike the Plaintiffs' Affidavits

The defendants move to strike 76 affidavits submitted by the plaintiffs on the grounds that they are irrelevant and/or not based on personal knowledge as required by Fed.R.Civ.P. 56(e) and are untrue and speculative hearsay. The affidavits at issue, filed by the plaintiffs in support of their motion for partial summary judg-

---

1. There is some disagreement in the First Circuit, and among the parties, as to exactly how a "work period" is computed and proven for the purpose of determining whether the § 7(k) exemption applies. *See Parolin v. City of Boston,* 327 F.Supp.2d 101, 107–09 (D.Mass.2004). *Compare O'Brien,* 350 F.3d 279, *with Martin v. Coventry Fire Dist.,* 981 F.2d 1358 (1st. Cir.1992). That issue is not, however, relevant to the Court's analysis.

ment, declare that 1) the plaintiffs were not aware of the § 7(k) exemption or a 28–day work period until after the commencement of this litigation, 2) the City has never paid the plaintiffs for overtime based upon a work period of longer than 7–days/40–hours, 3) the plaintiffs have, on occasion worked in excess of 43 hours per week for four or more consecutive weeks and 4) no plaintiff had seen the letter to Garvey declaring a 28–day workweek until after the commencement of this litigation, among other related facts.

The defendants have failed to point to any specific law or fact that would support their motion. As discussed above, whether the City announced a special work period is directly relevant to the plaintiffs' motion for partial summary judgment. Their awareness (or lack thereof) of a special work period is probative of whether such an announcement was ever made. Furthermore, the plaintiffs are capable of attesting to how much they worked and got paid; they have no reason to speculate on such matters. Accordingly, this Court will not strike the plaintiffs' affidavits.

### ORDER

In accordance with the foregoing, the cross-motions for partial summary judgment (Docket Nos. 17 and 24) and the defendants' motion to strike the plaintiffs' affidavits (Docket No. 26) are all **DENIED.**

The plaintiffs' re-filed emergency motion to strike the defendants' motion for partial summary judgment and to file a responsive pleading to it (Docket No. 34) is **DENIED AS MOOT.**

**So ordered.**