Jordan LEMIEUX, et al., Plaintiffs

v.

CITY OF HOLYOKE and Holyoke Fire Department, Defendants, Third–Party Plaintiffs

v.

International Association of Firefighters, AFL–CIO, Local Union No. 1693, Third–Party Defendant.

Civil Action No. 08–30038–MAP.

United States District Court, D. Massachusetts.

June 9, 2009.

**61**

Leah M. Barrault, Lichten & Liss–Riordan, P.C., Boston, MA, Megan K. Mechak, Douglas L. Steele, Woodley & McGillivary, Washington, DC, for Third–Party Defendant.

Jeffrey S. Morneau, Donohue, Hyland & Donohue, PC, Holyoke, MA, for Plaintiffs.

Gordon D. Quinn, Sullivan, Hayes & Quinn, Monarch, MA, Layla G. Taylor, Sullivan, Hayes & Quinn, Springfield, MA, for Third–Party Plaintiffs.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' MOTION TO AMEND ANSWER (Document No. 86)*

NEIMAN, United States Magistrate Judge.

Presently before the court is a motion by the City of Holyoke ("the City") and the Holyoke Fire Department (together "Defendants") to amend their answer to the complaint of Jordan Lemieux and others ("Plaintiffs") arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The amended answer, if permitted, would revise four paragraphs of Defendants' original answer, in effect, to "deny" rather than "not contest" Plaintiffs' allegations that Defendants had not established a qualifying "work period" under section 7(k) of the FLSA, codified at 29 U.S.C. § 207(k) ("section 207(k)"). Under appropriate circumstances, a section 207(k) work period exempts employers from certain overtime provisions of the FLSA. *See generally O'Brien v. Town of Agawam,* 350 F.3d 279, 290–92 (1st Cir.2003). For the reasons which follow, the court will grant Defendants' motion.

## I. BACKGROUND

This action was filed on February 27, 2008. In essence, Plaintiffs allege that Defendants violated the FLSA by failing to pay them one and one-half times their regular rate of pay for hours worked in excess of forty each work week. Defendants answered the complaint on May 6, 2008, and at the same time filed a third-party complaint against the International Association of Firefighters, AFL–CIO Local 1693 ("the Union"). Soon thereafter, the parties filed a number of motions, all but one of which (the Union's motion to dismiss) have been resolved, several quite recently.

The parties engaged in extensive settlement discussions from October 21, 2008 through April 8, 2009. These negotiations involved the creation and exchange of numerous documents and the expenditure of significant time and effort. Toward the end of this period, Defendants mentioned for the first time that they could assert a "good faith defense that has not yet been fully asserted by pleading" that they were exempt from the FLSA overtime provisions. (See Document No. 92 ("Pls.' Opp'n"), Ex. C.) Although not specified, this "defense" evidently referred to section 207(k). When originally answering Plaintiffs' complaint, however, Defendants had stated that they "do not contest that the City has not established a 207(k) work period, and therefore admit the same." It should be noted that prior to filing suit, Plaintiffs, through counsel, had flagged the 207(k) issue in a January 2008 letter to the City's Solicitor. (*Id.*, Ex. A.)

## II. Standard of Review

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." As the United States Supreme Court has stated, the liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Even so, an amendment need not be granted in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 182, 83 S.Ct. 227.

## III. Discussion

Defendants argue that their proposed amendments fall within the strictures of Rule 15(a) because the facts they wish to assert are meritorious and, given that the court has not yet set a discovery scheduling, would not prejudice Plaintiffs or, indeed, the Union. Moreover, Defendants assert, the proposed amendments are asserted in good faith. For their part, Plaintiffs assert that the proposed amendments are unjustifiably late, unduly prejudicial, and futile.

Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion "should be made as soon as the necessity for altering the pleading becomes apparent." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1488 (2003). *See also Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1178 n. 1 (1st Cir.1995) (Rule 15(a) "frowns upon undue delay in the amendment of pleadings, particularly if no legitimate justification is forthcoming.") (citations omitted). Here, the court cannot say that the proposed amendments are untimely.

■ As to why they seek to amend their answer at this time, Defendants explain that, when filing their original answer, they "were under the erroneous impression that a 207(k) work period could only be established through an employer's public declaration of an intent to explicitly adopt a FLSA work period of between seven (7) and twenty-eight (28) days." Defendants concede that they had not uncovered any evidence of such a public declaration in this matter. Defendants assert, however, that "following the filing of the Answer," they uncovered through research the decision in *Abbe v. City of San Diego*, 2007 WL 4146696 (S.D.Cal. Nov. 9, 2007), which determined, in applicable part, that a city's work schedule could be "established" within the meaning of section 207(k) without a public declaration to that effect. Although Defendants state that this decision did not come to their attention until they were engaged in settlement

negotiations with Plaintiffs, the exact date of that discovery is unclear.

Of course, *Abbe*, as the citation indicates, was decided over three months before the instant complaint was filed and nearly six months before Defendants filed their answer. Nevertheless, it is undisputed that Defendants mentioned 207(k) in a March 23, 2009 letter to Plaintiffs' counsel. Given the totality of circumstances, the court cannot say that the instant motion to amend is unduly late or asserted in bad faith.

■ Still, as Plaintiffs argue, there comes a point when delay will become prejudicial, "placing an unwarranted burden on the opposing party." *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir.2004) (citations and internal quotation marks omitted). That point, however, has not been reached here. To be sure, Plaintiffs are understandably dismayed by the fact that they entered into settlement discussions with the belief that Defendants did not contest the section 207(k) averments, a concession which Defendants now wish to withdraw. Had they known that Defendants would take this tack, Plaintiffs assert, they would not have entered into negotiations in the first place. Nonetheless, the fact that settlement discussions may have delayed the Rule 16 scheduling conference is not reason enough for Plaintiffs to have been prejudiced. The kind of prejudice which Plaintiffs have suffered, if prejudice it is, was, by their own description, retroactive, not prospective. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) ("Appellants cite no case holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed."). The cases upon which Plaintiffs rely do not address this particular circumstance.

Plaintiffs, however, also raise the question of futility. Plaintiffs argue that Defendants never took advantage of the partial exemption set out in section 207(k) and, more specifically, never announced a 207(k) work period, a failure which dooms their assertion under the laws in this district, *Abbe* notwithstanding. *See MacGilvray v. City of Medford*, 585 F.Supp.2d 175, 178 (D.Mass.2008); *Harris v. City of Boston*, 312 F.Supp.2d 108, 115–16 (D.Mass.2004). Moreover, Plaintiffs argue, not only must the 207(k) exemption be narrowly construed, the FLSA itself must generally be construed in an employee's favor. *See O'Brien*, 350 F.3d at 290–91.

Plaintiffs' points are well taken. However, in the court's opinion, the question of futility, given the manner in which Defendants seek to change their answer, is of little moment. For whatever reason, Defendants simply wish to amend their answer to "deny" rather than "admit" Plaintiffs' allegations concerning a qualifying "work period" under section 207(k). The import of the denials is not exactly clear, particularly given the fact that employers (here Defendants), not employees (here Plaintiffs), have the obligation to prove that a 207(k) exemption applies. *See O'Brien*, 350 F.3d at 290–91. Still, the denials, as factual denials, do not appear to raise the spectre of futility.

■ Most importantly for present purposes, Defendants have not sought to assert an affirmative defense grounded in the 207(k) exemption, although their intent may be otherwise. For one thing, it is well settled that "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). It is equally clear that a denial does not amount to an

affirmative defense. *See Lifeblood Biomed, Inc. Opt–In Trust v. Mann (In re Sender)*, 423 F.Supp.2d 1155, 1163 (D.Colo. 2006) (citing cases). *See also Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D.Ill.1982) (noting that *"Moore's Federal Practice* ... calls [an affirmative defense] something that raises a matter outside the scope of plaintiff's prima facie case and is thus a matter not raised by a simple denial").

■ So what does this mean? As the First Circuit has explained, "[t]he ordinary consequence of failing to plead an affirmative defense is its forced waiver and its exclusion from the case." *Jakobsen v. Massachusetts Port Auth.*, 520 F.2d 810, 813 (1st Cir.1975) (citation omitted). This consequence is rooted in Fed.R.Civ.P. 8(c), which requires that "any avoidance or affirmative defense" must be pled affirmatively. Granted, at least two circuit courts have not been strict in requiring that 207(k) be formally raised as an affirmative defense. *See Huff v. DeKalb County, Georgia*, 516 F.3d 1273, 1278 n. 5 (11th Cir.2008) (permitting 207(k) defense to be raised at summary judgment stage even if not asserted in the answer to the complaint); *Brock v. City of Cincinnati*, 236 F.3d 793, 810 (6th Cir.2001) (district court has discretion in considering 207(k) exemption even if argument was not raised in the pleadings). The First Circuit, however, stands in a different posture, having decided over sixty years ago that an FLSA exemption, albeit one arising under a different section, must be asserted affirmatively. *See Schmidtke v. Conesa*, 141 F.2d 634, 635 (1st Cir.1944). The First Circuit explained as follows:

> Since the Act is in its nature remedial, its exemptions are to be strictly construed and one claiming their benefit must bring his case within both their letter and spirit. From this and also

according to ordinary principles of pleading it follows that a plaintiff, in order to state a cause of action under the Act, is not required to allege that its exemptions are inapplicable. Exemption is a matter which must be alleged as a special defense under Rule 8(c), ... and this the defendant did not even attempt to do. Thus the court below decided this case on an issue which not only had not been raised by the pleadings, but also on one as to which no evidence had been introduced and as to which the court had expressed indifference. This constitutes reversible error. *Id.* (citations omitted). Thus, it would appear that Defendants have waived the benefit of the 207(k) exemption because they have not raised it formally as an affirmative defense, either originally or in their proposed amended answer.

■ To be sure, Defendants had raised *section 13* of the FLSA, 29 U.S.C. § 213(a)(1), as part of their Eleventh Affirmative Defense. Section 13 "exempts from the overtime rules any employee who works 'in a bona fide executive, administrative, or professional capacity.'" *O'Brien*, 350 F.3d at 292. A similar circumstance caused at least one court to distinguish its case from *Schmidtke. See Feaser v. City of New York*, 1995 WL 350848, at *7 n. 8 (S.D.N.Y. June 9, 1995) (finding the defendants' failure to plead § 207(k) as an affirmative defense excusable). The *Feaser* court also noted that *Schmidtke* had been decided before the FLSA was amended in 1974 to include 207(k) and that, "in any event, *Schmidtke* [was] not binding on th[e] Court." *Id.* Obviously, that cannot be said here.

In summary, section 207(k) must be raised formally as an affirmative defense in order to have any viability in this circuit. Defendants have not done this nor do they seek to do it now. Moreover,

given that Defendants conceded in their original answer that they had not established a qualifying work period under section 207(k), an affirmative defense based on section 207(k) cannot be read into any of the affirmative defenses originally interposed and which Defendants do not now seek to alter.

### IV. CONCLUSION

For the reasons stated, the court hereby ALLOWS Defendants' motion to the extent it seeks to raise certain factual denials. This allowance, however, does not interpose a section 207(k) affirmative defense. Defendants shall file their amended answer forthwith.

IT IS SO ORDERED.