**Jordan LEMIEUX, John Kadlewicz, Joseph O'Connor, Chris Butler and David R. Rex, Jr., et al., Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs**

v.

**CITY OF HOLYOKE and Holyoke Fire Department, Defendants and Third–Party Plaintiffs**

v.

**International Association of Firefighters, AFL–CIO, Local Union No. 1693, Third–Party Defendants.**

**Civil Action No. 08–30038–MAP.**

United States District Court,
D. Massachusetts.

Aug. 14, 2009.

---

Jeffrey S. Morneau Donohue, Hyland & Donohue, PC, for Plaintiffs.

Gordon D. Quinn, Layla G. Taylor, Sullivan, Hayes & Quinn, Springfield, MA for Defendants and Third–Party Plaintiff.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANTS' SECOND MOTION TO ADD AN AFFIRMATIVE DEFENSE (Document No. 101)*

NEIMAN, United States Magistrate Judge.

Presently before the court is Defendants' second motion to amend their answer to Plaintiffs' complaint. Defendants prior motion to amend had been allowed in part. *See Lemieux v. City of Holyoke,* 641 F.Supp.2d 60, 2009 WL 1743620 (D.Mass.2009). In essence, Defendants want to add an affirmative defense in which they will claim, within the meaning of section 7(k) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(k), that they established and adopted a work period for city firefighters consisting of eight days, *i.e.,* a recurring period of four days on followed by four days off. If successfully pursued, the affirmative defense might assist Defendants from being liable for certain of Plaintiffs' claims. Defendants assert, pursuant to Fed.R.Civ.P. 15(a)(2), that "justice so requires" that their answer be amended in the manner described.

Plaintiffs oppose the motion on a number of grounds. For example, they claim that Defendants have waived their right to raise this affirmative defense because they knew about the section 7(k) defense prior to filing their original answer. Plaintiffs also claim that the amendment is unduly late and that they will suffer prejudice if the motion is allowed. Most prominently, Plaintiffs assert that the proposed amendment is futile, and it is on this ground that the court focuses first. In the end, and for the reasons which follow, the court believes that Defendants' motion should be allowed.

■ Although Rule 15(a)(2) dictates that a court "should freely give leave [to amend a pleading] when justice so requires," an amendment need not be allowed where it "comes too late, would be an exercise in futility, or otherwise would serve no useful purpose." *Aponte–Torres v. Univ. of Puerto Rico,* 445 F.3d 50, 58 (1st Cir.2006) (citations omitted). Here, Plaintiffs assert, primarily,

that the proposed amendment would be futile because Defendants cannot demonstrate that they announced, adopted, established, or, indeed, ever implemented a section 7(k) work period.

It is undisputéd that the FLSA generally requires employers to compensate employees at a premium rate of at least "one and one-half times the regular rate" of hourly compensation for all hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1). However, public agencies, including municipal employers, are allowed a partial exemption from that requirement—the "7(k) exemption"—for "employee[s] in fire protection activities." 29 U.S.C. § 207(k). In essence, the 7(k) exemption gives a municipality "an opportunity to select a work period for its [fire protection] employees different from the typical seven-day, forty-hour period prescribed in § 207(a)." *City of Boston v. Commonwealth Empl. Rel. Bd.*, 453 Mass. 389, 902 N.E.2d 410, 417 (2009). A municipality may take advantage of the 7(k) exemption by adopting a longer work period or "may choose not to avail itself of the partial exemption at all." *Id.* If it does take advantage of section 7(k), "a municipality may choose among twenty-two different work period options specified in United States Department of Labor regulations, *see* 29 C.F.R. § 553.230 (2006), each of which subjects the municipality to a greater or lesser amount of potential overtime liability." *Id.* (citing *O'Brien v. Town of Agawam*, 350 F.3d 279, 290 (1st Cir.2003)).

The First Circuit noted in *O'Brien* that "[t]he work period requirement is ordinarily not a high hurdle," *i.e.*, "[v]irtually any bona fide, fixed, recurring period of between 7 and 28 days will suffice." *Id.* at 291 n. 21 (citing 29 C.F.R. § 553.224(a)). "Within that range," the First Circuit continued, "'the work period can be of any length, and it need not coincide with the ... duty cycle or pay period or with a particular day of the week or hour of the day.'" *Id.* (quoting § 553.224(a)). The First Circuit found that the section 7(k) exemption did not apply because the Town of Agawam had not shown that it had in fact established a "qualifying work period." *Id.* at 291. The only evidence

in the record of any work period was the officers' duty cycle which was a six-day cycle with four days on followed by two days off. *Id.* Without any indication that the town had adopted a work period of at least seven days, as required by the regulations, the work cycle did not qualify as a work period for section 7(k) purposes. *Id.* at 291–92.

In the court's view, the heart of the issue with regard to Defendants' present motion centers on the following language in *O'Brien:*

> [T]he work period need not even reflect the actual practice of overtime calculation between the parties, if the employer announces a qualifying work period but chooses to pay its employees more generously. *Lamon v. City of Shawnee*, 972 F.2d 1145, 1154 (10th Cir.1992). Nevertheless, if the employer fails to announce and take bona fide steps to implement a qualifying work period, the ordinary overtime provisions of § 201(a) will apply. *See Birdwell v. City of Gadsden*, 970 F.2d 802, 806 (11th Cir.1992).

*Id.* at 291 n. 21. Here, Plaintiffs assert, Defendants' failure to proffer any evidence that they ever announced the adoption of a qualifying work period dooms their motion.

Defendants concede that they have found no evidence that they announced the adoption of a section 7(k) work period. (See Aff. Gordon D. Quinn, Esq. ¶ 3 ("Before the original Answer of Defendants was filed in this case, we made a diligent effort to uncover whether any writings existed which reflected a public declaration by the City that it had adopted [an] FLSA 207(k) work period for firefighters. We were unable to locate any....").) Nonetheless, relying on *Abbe v. City of San Diego*, 2007 WL 4146696 (S.D.Cal. Nov. 9, 2007), Defendants assert that an explicit declaration was not necessary in order to establish such a work period. (See *id.* ¶¶ 3–4.) According to the *Abbe* court, "an employer may establish a 7(k) work period even without making a public declaration, as long as its employees actually work a regularly recurring cycle of between 7 and 28 days." *Abbe*, 2007 WL 4146696, at *10 (citations and internal quotations marks omitted).

Defendants' reliance on *Abbe*, however, comes up against the First Circuit's directive in *O'Brien*, quoted above, that, "if the employee fails to announce and take bona fide steps to implement a qualifying work period, the ordinary overtime provisions of § 201(a) [rather than the § 207(k) exemption] will apply." *Id.*, 350 F.3d at 291 n. 21. *See also MacGilvray v. City of Medford*, 585 F.Supp.2d 175, 178 (D.Mass.2008) ("The employer must prove that it 'announced that it had a work period between seven and twenty-eight days.'") (quoting *Harris v. City of Boston*, 312 F.Supp.2d 108, 115 (D.Mass. 2004)). Of course, it is *O'Brien*, not *Abbe*, which controls here.

Still, Defendants argue that, while it certainly would be easier to show that a section 7(k) work period had been adopted when a written memorandum to that effect exists, courts may nonetheless rely on circumstantial evidence in the absence of a public announcement. In support, Defendants cite *Calvao v. Town of Framingham*, 2008 WL 2690358, at *4 (D.Mass. July 2, 2008), in which District Judge George O'Toole found that the municipality there both announced its adoption of a qualifying work period (via a memorandum from its executive administrator to the police and fire chiefs) *and* took bona fide steps toward implementing the work period. *Id.*, at *3. Nonetheless, Judge O'Toole did state, albeit without further citation, that "[t]he absence of a similar declaration in other cases led the courts in those cases to turn to circumstantial evidence-such as duty cycle, pay period or overtime calculations-in order to determine whether that defendant had, in fact, adopted a qualifying work period through any of those means." *Id.*, at *4. Moreover, Judge O'Toole indicated that "[t]he issue of an established work week is normally a question of fact to be decided by a jury." *Id.*, at *3 (citing cases). *See also MacGilvray*, 585 F.Supp.2d at 178 ("Because there is a factual dispute as to whether the City announced a work period qualifying for the § 7(k) exemption of the FLSA, this Court will not enter summary judgment for either party.").

Although Defendants have not offered any direct evidence in support of their motion that the city announced the adoption of a 7(k) work period, the court cannot say at this stage of the litigation that Defendants' affirmative defense is necessarily futile. First, this case has reached neither the summary judgment nor the trial phase and Defendants deserve the opportunity to discover and proffer evidence surrounding the avowed announcement of the adoption of a section 7(k) work period.

Second, it is not clear from *O'Brien* just what would constitute an "announcement." Neither of the decisions which the First Circuit cited in *O'Brien* for this proposition utilizes the word "announce." *See Lamon*, 972 F.2d at 1154 (referring only to a municipality's obligation to prove that it "selected," "established" or "in actuality adopted" a section 7(k) work period); *Birdwell*, 970 F.2d at 806 (similar). As best this court can tell, the First Circuit's requirement that a municipality "announce" its section 7(k) work period simply reflects a rejection of the District Court's reliance on *Barefield v. Village of Winnetka*, 81 F.3d 704, 710 (7th Cir.1996), which held that the FLSA does not require an explicit "declaration" of a section 7(k) exemption. The First Circuit, however, did not describe the parameters of an "announcement" or a "declaration." *O'Brien*, of course, does stand for the principle that it is simply not enough, the Seventh Circuit's holding notwithstanding, for a municipality to meet all the factual criteria for section 7(k) to apply or, indeed, for a municipality to have not even had a 7(k) exemption in mind when it adopted its particular work period.

It should be noted that the *Birdwell* decision, upon which the First Circuit relied, remanded the matter to the district court for a new trial to resolve the work period issue. In doing so, it indicated that the employment contract between the city and its police officers "may very well be probative of the type of work period under which the city has chosen to pay its employees." *Id.* Here, too, Defendants have proffered a chart from the firefighters' collective bargaining agreement ("CBA") which ostensibly sets forth an eight-week, fifty-six-day work cycle that Defen-

dants say the majority of firefighters work.[1] Defendants also cite a city ordinance which, as interpreted by Defendants, indicates that the work week for full-time employment for members of the fire department is forty-eight hours per week.

This is not to say that either the CBA or the ordinance necessarily served as an announcement of a 7(k) work period. And, of course, there may well be other significant hurdles which Defendants, once discovery is completed, cannot surmount.[2] Both documents, however, do bear on the possible "adoption" of a 7(k) work period by Defendants. In short, the court cannot say that Defendants' efforts to pursue their affirmative defense will be futile.

Finally, the court does not believe that the addition of the affirmative defense will unduly prejudice Plaintiffs or delay trial. As the court stated previously, when Defendants first moved to amend, there was, and continues to be, insufficient evidence "that the proposed amendments are untimely." *Lemieux*, 641 F.Supp.2d at 62, 2009 WL 1743620, at *2. To be sure, Plaintiffs remain "understandably dismayed," both because "they entered into settlement discussions with the belief that Defendants did not contest the section 207(k) averments," *id.*, and because they believe that if they "had not initially brought the 207(k) issues to Defendants' attention . . ., it is probably that Defendants would not have moved to amend their Answer again," (Pls.' Mem. in Opp'n to Defendants' Section Motion to amend at 13–14). In the court's view, however, allowance of the motion does not yet place "an unwarranted burden" on Plaintiffs. *Lemieux*, 641 F.Supp.2d at 63, 2009 WL 1743620, at *2

(citation and internal quotation marks omitted).

For the reasons stated, Defendants' Second Motion to Add an Affirmative Defense is ALLOWED. Defendants shall file their amended answer forthwith.

IT IS SO ORDERED.

---

1. Defendants seek to have the court disregard the eight-*week* work cycle in favor of the eight-*day* work period (four days on followed by four days off) utilized therein, which cycle takes fifty-six days to complete. Eight-day work periods, Defendants argue, are permitted by the regulations implementing the FLSA. *See* 29 C.F.R. § 553.230. *See also Franklin v. City of Kettering*, 246 F.3d 531, 534–35 (6th Cir.2001) (holding that city could establish a twenty-eight day work period under section 7(k)).

2. For example, the ordinance does not mention the phrase "work period" nor the term "7(k)." Neither does it mention an eight-day work period. At best, the ordinance indicates that firefighters may work a forty-eight-hour work week. However, there appears to be no factual or legal relationship between the forty-eight-hour work week in the ordinance and the adoption an eight-day work period Defendants now claim. In any event, as Plaintiffs argue, the FLSA and the regulations interpreting it clearly state that a section 7(k) work period is based on days, not hours. *See* 29 U.S.C. § 207(k)(2); 29 C.F.R. § 553.224.